# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4213

_____

United States of America,      *
                               *
        Appellee,              *
                               *  Appeal from the United States
    v.                         *  District Court for the Western
                               *  District of Missouri.
Forestine W. Miles,            *
                               *
        Appellant.             *

_____

Submitted: June 11, 2007
Filed: August 24, 2007

_____

Before MURPHY, BEAM, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Between July and September of 2004, an undercover police officer purchased cocaine from Forestine W. Miles in Kansas City, Missouri. On March 1, 2005, Miles was indicted on one count of knowingly and intentionally possessing five grams or more of cocaine base with intent to distribute in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B). Following a psychological evaluation and a competency hearing, the

district court[1] adopted the recommendation of the magistrate judge[2] and found Miles competent to proceed to trial. Miles then pled guilty to the sole count of the indictment without benefit of a plea agreement with the government. After hearing arguments from both sides, the district court sentenced Miles to 70 months imprisonment and recommended that he be placed in a facility where he could participate in a 500-hour drug treatment program. From this sentence, Miles appeals alleging that the trial court failed to adequately consider the sentencing criteria and the principles of 18 U.S.C. § 3553. We affirm.

I.

An undercover police officer initially made contact with Miles in July of 2004. During August and September of 2004, the officer purchased cocaine base and ecstasy from Miles on several occasions. On August 9th, Miles sold the officer 0.27 grams of cocaine base and 0.35 grams of ecstacy for $40. Between August 18th and September 24th, the officer purchased an additional 2.15 grams of cocaine base from Miles for $145. Miles was arrested on September 27th as he approached the officer's car to complete a scheduled transaction for the sale of $1000 worth of cocaine base. At the time of his arrest, he was in possession of 28.9 grams of cocaine base and 6.8 grams of marijuana. Within a few hours of his arrest, a search warrant was obtained and executed at Miles's residence where officers seized an unloaded .380 caliber semiautomatic handgun, a .380 caliber magazine containing 4 live rounds of ammunition, and a plastic container containing an additional 15 live rounds of .380 ammunition.

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

[2]The Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri.

The presentence investigation report ("PSR") concluded that Miles's advisory Guidelines range was 70 to 87 months based on a total offense level of 25 and a criminal history category of III. The district court conducted Miles's sentencing hearing on December 12, 2006.

At the sentencing hearing, counsel for the government argued for a sentence within the Guidelines range based upon: Miles's prior felony convictions, including a 2001 theft conviction; the fact that Miles was on probation for involuntary manslaughter and leaving the scene of an accident; and, the fact that multiple charges were pending against Miles, evidenced by (1) a California warrant for his arrest for possession of cocaine; (2) a Kansas City warrant for possession of marijuana; (3) a Wyandotte County, Kansas warrant for criminal use of a credit card; and (4) a Jackson County, Kansas warrant for forgery. By Miles's own admission, he had been arrested at least 10 times in his life for selling drugs. The government maintained that Miles should take responsibility for his actions, and the sentence should reflect Congress' attempt to control the distribution of drugs. Taking Miles's mental health history into account however, the government advised the court that it would not object to a sentence at the low end of the Guidelines range.

Through counsel, Miles asked for leniency based on his history of diagnosis and treatment for mental illnesses, namely: chronic posttraumatic stress disorder; major depressive disorder; poly-substance abuse; and, auditory and visual hallucinations. Miles's counsel pointed out that he has a documented history of mental health diagnoses and treatment dating back to his childhood. Counsel asserted that, although a state court failure-to-appear warrant was outstanding for Miles, he had not purposely failed to appear in court. Counsel also noted that Miles had been in custody for nine months, which is longer than he had ever been incarcerated on any previous occasion. Miles's counsel also reminded the court of his mother's poor health. He requested that he be ordered to the 500-hour drug treatment program and sentenced to a period of incarceration below the Guidelines range.

When Miles personally addressed the court before his sentence was announced, he apologized to the court and his family. He acknowledged that he had to take responsibility for his actions and vowed that he could change his ways. He noted that during his incarceration, he learned how much he could be helped by therapy and medication. He forgave his mother for the things that happened to him as a child. He noted that he wanted to "be there for her but [he] can't." He also mentioned that he had a car accident, in which he lost a cousin.

The district court sentenced Miles to 70 months in prison with 5 years supervised release. Miles was also ordered to comply with the standard conditions of release adopted by the district court and the following additional special conditions of release: successful participation in a substance abuse counseling program, including urinalysis, sweat patch or breathalyzer testing; successful participation in a mental health counseling program as approved by the probation office; submission of his person, residence, office or vehicle to a search by probation upon reasonable suspicion of contraband; abstinence from consuming or possessing alcoholic beverages, beer or 3.23 percent beer; and, satisfaction of any warrants or pending charges within the first 90 days of supervision. The district court recommended that Miles be designated for the 500-hour residential substance abuse treatment program in the Bureau of Prisons and advised Miles that the Bureau of Prisons has "many other kinds of treatment programs for you so that you can maintain the progress that you've made."

II.

Miles argues that the district court sentenced him to 70 months in prison without adequately considering the sentencing criteria set forth in 18 U.S.C. § 3553 or addressing his request for a sentence below the advisory Guidelines range. We review a district court's sentence for reasonableness, which is akin to the standard of abuse of discretion. See United States v. Cadenas, 445 F.3d 1091, 1094 (8th Cir. 2006) (sentence reviewed using reasonableness standard); United States v. Hadash,

408 F.3d 1080, 1083 (8th Cir. 2005) (equating reasonableness with abuse of discretion). When reviewing a sentence, we first look to the applicable Guidelines range because a sentence within the Guidelines range is presumptively reasonable. See United States v. Watson, 480 F.3d 1175, 1176-77 (8th Cir. 2007), petition for cert. filed, (U.S. July 31, 2007)(No. 07-5683). "[A] court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." United States v. Peck, No. 06-4187, 2007 WL 2229865 at *6 (8th Cir. Aug. 6, 2007) (quoting Rita v. United States, 127 S. Ct. 2456, 2462 (2007)). Because the district court properly calculated the advisory Guidelines range for Miles, and because it sentenced Miles within that range, Miles's sentence is presumptively reasonable. Id. However, this presumption may be rebutted by the factors listed in section 3553(a). Cadenas, 445 F.3d at 1094.

Specifically, Miles alleges that because the district judge did not make reference to the section 3553(a) factors or acknowledge the advisory nature of the Guidelines, the criteria were not considered and the district court was not aware that the Guidelines range was advisory. The government argues that because the court heard argument from both sides as to the appropriate sentence, the section 3553(a) criteria mentioned by counsel for the parties while addressing the district court was sufficient to establish that the district court considered those factors. The United States Supreme Court stated in Rita that the district court is not required to provide a lengthy explanation when sentencing a defendant. Rita, 127 S. Ct. at 2468. Because the sentencing record demonstrates that the district court heard extensive arguments from Miles's counsel and the government, it is apparent from the record that the district court properly considered Miles's mental health, his history of drug addiction, his request for drug treatment, and his mother's health issues, in determining that the sentence of 70 months was a proper sentence. See Rita, 127 S. Ct. at 2469 ("The record makes clear that the sentencing judge listened to each argument . . . [and] considered the supporting evidence."). The district court also heard Miles's counsel's verbal reminder that the Guidelines are advisory in nature. Likewise, the district court

heard and considered the government's arguments with respect to the nature and circumstances of the offense and Miles's criminal history. See 18 U.S.C. § 3553(a)(1).

Further evidence of the district court's consideration of the arguments made by counsel is the court's sentencing recommendation that Miles be designated for the 500-hour residential substance abuse treatment program in the Bureau of Prisons and other mental health treatment programs available to help him maintain the progress he had made as of the date of his sentencing, which was specifically requested in argument before the district court. While a sentencing court should state enough to satisfy an appellate court that it has considered the arguments of the parties and to establish a reasoned basis for exercising its legal decision-making authority, application of the Guidelines to a particular case does not necessarily require lengthy explanation by the sentencing court. Rita, 127 S. Ct. at 2468. Although we know of no reason why the district court could not have more specifically addressed the section 3553(a) factors in explaining the sentence, we find that the sentence in this case reflects the district court's consideration of the arguments of counsel and provides sufficient evidence of the district court's consideration of the section 3553 factors.

Miles also argues that the district court failed to address or consider his request for a sentence below the Guidelines range. When "[t]he record makes clear that the sentencing judge listened to each argument[,] . . . considered the supporting evidence[,] . . . was fully aware of defendant's various [mental] ailments[,] and imposed a sentence that takes them into account," we cannot find that the sentence was in error or that the district court failed to address or consider the request for a sentence below the Guidelines range. Rita, 127 S. Ct. at 2469.

## III.

For the foregoing reasons, we affirm the conviction and sentence.

_____