# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-4136

———————

United States of America,      *
     *
        Appellee,      *
     *    On remand for reconsideration
    v.      *    from the United States
     *    Supreme Court.
Stewart Jenkins,      *
     *
        Appellant.      *

———————

Submitted: July 29, 2008
Filed: August 8, 2008

———————

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

———————

SMITH, Circuit Judge.

A jury convicted Stewart Jenkins of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] subsequently sentenced Jenkins to 180 months' imprisonment. Jenkins appealed his convictions and sentence, arguing that the evidence was insufficient to support the jury's guilty verdicts and that the district court

---

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

erred in considering cash seized in calculating drug quantity. We affirmed. The United States Supreme Court granted certiorari, vacated our judgment, and remanded the case for further consideration in light of its decision in *Kimbrough v. United States*, 552 U.S. —, 128 S. Ct. 558, 169 L.Ed.2d 481 (2007). Upon review after remand, we affirm Jenkins's convictions and sentence.

After his conviction but prior to sentencing, Jenkins filed a sentencing memorandum arguing, among other things, that the district court vary downward from the advisory Guidelines range of 168 to 210 months because the Guidelines' 100:1 ratio between crack and powder cocaine was unreasonable. Jenkins raised this issue again at the sentencing hearing. The district court declined to depart on that basis, stating that "The crack versus powder ratio issue has just been resolved, hasn't it, by the Eighth Circuit," and "I do not accept the argument—the legal argument made by counsel regarding the ratio of crack to powder, although that ratio is certainly a troublesome one in my mind, as it is in the minds of many jurists and others who are familiar with the situation."

Although the district court did not disregard the 100:1 ratio as Jenkins requested, the court did sentence Jenkins below his Guidelines range on Count I stating:

> I would be fully justified in sentencing you to a sentence within the guideline range. . . . After considering all of the information available to me, including the evidence presented at trial and putting the information in the presentence report, I am of the opinion that a reasonable sentence, one that is sufficient but not greater than necessary under the law, is a little bit less than 168 months on Count I.

Accordingly, the district court sentenced Jenkins to 120 months on Counts I and III to be served concurrently and 60 months on Count II to be served consecutively.

At sentencing, as to drug quantity, the district court found by a preponderance of the evidence that Jenkins was responsible for a total of 96.20 grams. The court reached this quantity by adding the .84 grams of cocaine base found in his pocket, the 14 grams in his apartment, and the 80.36 grams cash equivalent (converting the cash found in the apartment minus the cash found in his pocket). The court then stated that Count I had a statutory minimum term of imprisonment of five years and a maximum of 40 years. Neither side objected to this stated statutory minimum on Count I.

The Supreme Court held in *Kimbrough*, that sentencing courts may vary downward from the advisory guidelines range based on the disparity created by the 100:1 ratio between crack and powder cocaine offenses. 128 S. Ct. at 575–76. We have held that *Kimbrough* does not require district courts to consider the crack/powder disparity in all sentences for crimes involving crack cocaine. *United States v. Roberson*, 517 F.3d 990, 995 (8th Cir. 2008). "[A] district court that is aware of an argument does not abuse its discretion by not considering it." *Id.* (citing *United States v. Miles*, 499 F.3d 906, 909–10 (8th Cir. 2007)). However, "[w]hen a district court does not consider an argument because it is unaware of its power to do so . . . a remand is appropriate." *Id.*

Here, the district court described the 100:1 ratio as "troublesome" but was unaware it could vary on that basis. Given the court's lack of awareness, we hold that a *Kimbrough* error occurred. The government argues that any *Kimbrough* error was harmless because Jenkins was sentenced to his statutory minimum on Count I, 120 months. We agree. Even after *Kimbrough*, district courts are not authorized to sentence below the Congressionally-mandated statutory minimums. *United States v. Black*, 523 F.3d 892, 892–93 (8th Cir. 2008). The Supreme Court "has made clear that 'most constitutional errors can be harmless'. . . ." *United States v. Mosley*, 505 F.3d 804, 811 (8th Cir. 2007) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991)). "The government bears the burden of proving the district court's error was harmless and must show that no 'grave doubt' exists as to whether the error substantially

influenced the outcome of the proceedings." *United States v. Greene*, 513 F.3d 904, 908 (8th Cir. 2008).

Jenkins was indicted and convicted for possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). This statute has a statutory mandatory minimum of five years and maximum of 40 years. *See* 21 U.S.C. § 841(b)(1)(B). The district court, however, found Jenkins to be responsible for 96.20 grams of crack, based on cash conversion, and 21 U.S.C. § 841(b)(1)(A) addresses violations involving 50 grams or more. Under this latter statute, the statutory minimum is ten years. *See* 21 U.S.C. 841(b)(1)(A).

The district court did not recognize that by finding Jenkins responsible for 96.20 grams of crack he was then eligible for a higher statutory minimum. The court stated, even after finding Jenkins responsible for 96.20 grams of crack, that his mandatory minimum was five years. However, § 841(b)(1)(A) establishes Jenkins's statutory minimum based upon the district court's drug quantity finding. *See United States v. Aguayo-Delgado*, 220 F.3d 926, 933–34 (8th Cir. 2000) (affirming a sentence where the jury made no drug quantity finding and the district court found drug quantity at sentencing which created a mandatory statutory minimum) (discussing *McMillan v. Pennsylvania*, 477 U.S. 79 (1986)).

The issue of the statutory minimum on Count I is dispositive. The *Kimbrough* error here was harmless, and we need not remand this case for resentencing. Jenkins's statutory mandatory minimum sentence was 120 months. He has already received that sentence and cannot receive less upon remand. Although the district court stated that Jenkins's statutory minimum on Count I was five years, we may affirm the district court's sentence upon any basis supported by the record. *United States v. Rowland*, 341 F.3d 774, 782 (8th Cir. 2003). Accordingly, we affirm Jenkins's sentence for the reasons stated above and affirm his convictions for the reasons stated in our prior opinion.

_____