# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3686

_____

United States of America,          *
            *
           Appellee,         *
            *    Appeal from the United States
            *    District Court for the
    v.                 *    District of Minnesota.
            *
Ismael Ruelas-Mendez, also known as  *
Luis Reyna-Gonzalez, also known as   *
Jose Velazquez, also known as Ismael  *
Ruelas, also known as Luis Gonzalez,  *
Luis Reina Gonsales, agent of, also    *
known as Jose Velasquez, also known  *
as Luis Reyna-Gonsales,            *
            *
          Appellant.        *

_____

Submitted: June 12, 2008
Filed: February 9, 2009

_____

Before LOKEN, Chief Judge, COLLOTON, Circuit Judge, and PIERSOL,[1] District
     Judge.

_____

COLLOTON, Circuit Judge.

_____

    [1]The Honorable Lawrence L. Piersol, United States District Judge for the
District of South Dakota, sitting by designation.

Ismael Ruelas-Mendez pled guilty to illegal re-entry to the United States after a previous deportation, in violation of 8 U.S.C. § 1326(a). The district court[2] sentenced him to 46 months' imprisonment, at the bottom of the advisory guideline range. We affirm.

On May 14, 2007, Ruelas-Mendez was arrested for possession of cocaine. An investigation revealed that he was in the United States unlawfully, and that he had been deported from the country twice before. The first removal occurred in December 1992, following convictions in Oregon state court for cocaine trafficking offenses, and the second in August 2002, after a federal conviction in Texas for illegal re-entry.

In June 2007, a grand jury charged Ruelas-Mendez with unlawful re-entry into the United States after a previous deportation. He entered a plea of guilty. The probation office calculated Ruelas-Mendez's advisory guideline range to be 46 to 57 months' imprisonment, and the district court adopted the calculation. Ruelas-Mendez urged the court to impose a sentence below the advisory range, based on USSG § 4A1.3 and an alleged overstatement of his criminal history, and based on the factors set forth in 18 U.S.C. § 3553(a). The court rejected these arguments and sentenced Ruelas-Mendez to 46 months' imprisonment.

On appeal, Ruelas-Mendez argues that the sentence is substantively unreasonable, because the district court failed to give adequate weight to mitigating facts, and gave too much weight to the sentencing guidelines and the need for deterrence. We review the reasonableness of the district court's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 591 (2007). Because the court imposed a sentence within the advisory guideline range and consistent with the recommendation of the Sentencing Commission, we presume that

---

[2]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

it is substantively reasonable. *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005); *see Rita v. United States*, 127 S. Ct. 2456, 2462-68 (2007).

Ruelas-Mendez contends that the district court gave "no apparent weight to the unique and devastating circumstances" arising from the fact that his children reside in the United States and need his financial and emotional support. He also asserts that the criminal history score under the advisory guidelines greatly overstated his criminal history and propensity for future crimes. The district court, however, considered these points and found them unpersuasive grounds to justify a more lenient sentence. The court expressed "empathy without doubt" to Ruelas-Mendez's spouse and family, and acknowledged that the circumstances were "incredibly difficult for them." But the court explained that Ruelas-Mendez's prior conviction for distributing cocaine within 1,000 feet of a school, although dating to 1992, was a serious offense about which the United States has "a very strong feeling," that Ruelas-Mendez then violated the prohibition on re-entry by returning to the United States, and that he then unlawfully re-entered yet again, at which time he was found in Minnesota with cocaine, rather than in California with his family. The court explained that it had "run out of a certain degree of patience when it comes to this kind of conduct," and that a firm sentence was warranted. The court also observed that the Sentencing Guidelines, although now advisory, exist "to avoid unwarranted disparity in sentences so that sentences are relatively uniform."

The district court's explanation satisfies us that the sentence is substantively reasonable. Under the deferential abuse-of-discretion standard described in *Gall*, the court has substantial latitude to determine how much weight to give the various factors under § 3553(a). The court's assessment that Ruelas-Mendez had a serious criminal history that warranted no more patience was not unreasonable under the circumstances. Although the guidelines are now advisory, and the Supreme Court has acknowledged that appellate review for "reasonableness" will not provide the uniformity that Congress originally sought to secure, *see United States v. Booker*, 543

U.S. 220, 263 (2005), the district court was not forbidden to consider the guidelines and the need to avoid unwarranted sentence disparities when exercising its discretion. Indeed, the governing statute directs the sentencing court to consider these matters as two factors among several in the sentencing process. *See* 18 U.S.C. § 3553(a)(4), (a)(6). The district court's decision to place greater emphasis in this case on factors that favored a sentence within the advisory range, such as the need to deter criminal conduct, to protect the public, and to avoid unwarranted sentence disparities, than on other § 3553(a) factors that might favor a more lenient sentence is a permissible exercise of the considerable discretion available to a sentencing court under the post-*Booker* regime.

The judgment of the district court is affirmed.

_____