# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2730

_____

United States of America,            *
                                     *
     Petitioner - Appellee,          *
                                     *    Appeal from the United States
v.                                   *    District Court for the
                                     *    District of Minnesota.
Nicole Brown, formerly known         *
as Nicole Delaney,                   *
                                     *    [UNPUBLISHED]
     Defendant - Appellant.          *

_____

Submitted: May 15, 2009
Filed: June 19, 2009

_____

Before LOKEN, Chief Judge, EBEL[1] and CLEVENGER,[2] Circuit Judges.

_____

CLEVENGER, Circuit Judge.

_____

[1]The Honorable David M. Ebel, United States Circuit Judge for the Court of Appeals for the Tenth Circuit, sitting by designation.

[2]The Honorable Raymond C. Clevenger, III, United States Circuit Judge for the Court of Appeals for the Federal Circuit, sitting by designation.

Nicole Brown pleaded guilty to aiding and abetting the filing of false tax returns in violation of 18 U.S.C. § 2 and § 287. The district court [3] sentenced Brown to 15 months in prison. We affirm the sentence.

From 2003 through 2007, Brown prepared and filed 41 false tax returns for herself and others. In April 2009, she pleaded guilty to one count of filing false claims for tax refunds. The district court determined Brown's advisory guideline range under the Sentencing Guidelines to be 15 to 21 months' imprisonment based on her offense level of 13 and her criminal history category of II. Brown did not object to the court's calculation but, in light of her dysfunctional family upbringing, her minimal personal profit from the scheme, and her need to care for her niece and ailing mother, requested a variance from the guideline range to a probation-only sentence. The district court, after noting the need to protect the integrity of the tax process and the high cost that fraud imposes on taxpayers, refused Brown's request and sentenced her to the minimum advisory term of 15 months.

On appeal, Brown contends that her sentence is unreasonable. She argues that the district court gave too much weight to deterrence and punishment and that the sentence is overly harsh in light of her personal circumstances and because a probationary sentence would have achieved all of the goals of sentencing. Brown does not assert that the court erred procedurally.

We review Brown's sentence for abuse of discretion, evaluating whether any significant procedural error occurred and considering the substantive reasonableness of the sentence. See Gall v. United States 128 S. Ct. 586, 597 (2007). We apply a presumption of reasonableness to a sentence that, like Brown's, falls within the applicable Guideline range. See United States v. Clay, 524 F.3d 877, 878 (8th Cir.

[3]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

2008) (citing <u>Rita v. United States</u>, 551 U.S. 338, 355-56 (2007)).  In the sentencing context, the district court abuses its discretion if it "fails to consider a relevant factor[,] . . . gives significant weight to an improper or irrelevant factor[,] or . . . commits a clear error of judgment." <u>United States v. Haack</u>, 403 F.3d 997, 1004 (8th Cir. 2005) (internal quotation marks omitted).

Section 3553(a) explicitly includes deterrence and punishment as relevant and appropriate sentencing considerations.  Given the sentencing court's substantial latitude to determine how much weight to give these factors, <u>see</u> <u>United States v. Ruelas-Mendez</u>, 556 F.3d 655, 657 (8th Cir. 2009), we see no error in the court's conclusion that "[Brown's] conduct in this matter was serious and must be punished, not only to deter Defendant but also others from committing such crimes." (Statement of Reasons for Imposing Sentence 3.)

Brown complains that the court failed to consider her family situation, history, and personal characteristics.  However, the court heard and considered Brown's arguments concerning her circumstances and explicitly recognized her "extraordinary family situation and family responsibilities." <u>Id.</u> Clearly, the district court did not exclude these considerations. <u>See</u> <u>United States v. Miles</u>, 499 F.3d 906, 909 (8th Cir. 2007) ("application of the Guidelines to a particular case does not necessarily require lengthy explanation by the sentencing court").

We therefore affirm the sentence imposed by the district court.

_____