# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2072

———————

United States of America,       *
      *
         Appellee,       *
      *     Appeal from the United States
       v.       *     District Court for the
      *     Southern District of Iowa.
      *
Alvaro Hinojos-Acosta, also known as       *
Adrian Arrona,       *     [UNPUBLISHED]
      *
         Appellant.       *

———————

Submitted: October 18, 2010
Filed: November 22, 2010

———————

Before SMITH, COLLOTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Alvaro Hinojos-Acosta pled guilty to conspiring to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii). The district court[1] sentenced him to 188 months' imprisonment. Hinojos-Acosta appeals his sentence, and we affirm.

———————

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

The presentence investigation report recommended an advisory guideline range of 360 months' to life imprisonment, based in part on a two-level adjustment for possession of a firearm, *see* USSG § 2D1.1(b)(1), and a four-level increase for an aggravating role in the offense. *See* USSG § 3B1.1(a). Hinojos-Acosta objected to the firearm adjustment, arguing that the government's evidence was not credible. The government later agreed not to seek the adjustment. Although the indictment in this case charged that seven defendants, including Hinojos-Acosta, conspired with each other to distribute marijuana, the government ultimately agreed that Hinojos-Acosta should receive only a two-level increase for role in the offense – an adjustment that applies only where there are fewer than five participants in the criminal activity. *See* USSG § 3B1.1(c). The probation office recommended no downward adjustment for acceptance of responsibility under USSG § 3E1.1, because Hinojos-Acosta pled guilty only after trial commenced, and he continued to deny conduct comprising the offense of conviction when he was interviewed by the probation office after the guilty plea. For reasons that are not explained in the record, the government nonetheless agreed after negotiations to recommend a two-level reduction for acceptance of responsibility. *See* USSG § 3E1.1(a). The district court accepted these stipulations and calculated a final advisory range of 188 to 235 months.

Hinojos-Acosta requested a downward departure under the guidelines, arguing that his criminal history category overstated the seriousness of his criminal history. *See* USSG § 4A1.3(b)(1). He also sought a variance based on the factors set forth in 18 U.S.C. § 3553(a). The district court rejected these contentions and imposed a sentence of 188 months' imprisonment, followed by five years of supervised release.

On appeal, Hinojos-Acosta argues that his sentence is substantively unreasonable because his troubled personal and family history and overstated criminal history score required the court to impose a more lenient sentence under § 3553(a). We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 41 (2007), and we presume

that a sentence imposed within the advisory guideline range is reasonable. *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009).

Here, the district court considered Hinojos-Acosta's arguments for a departure and a variance, addressed the various factors under § 3553(a), and explained the basis for its sentence. The court gave particular weight to the seriousness of the offense, "which created a great deal of damage and also involved a great deal of danger," and to the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The court also emphasized that although Hinojos-Acosta's record included some relatively minor crimes, his criminal history was "consistent and shows a concern about protecting the public from further crimes of this defendant." We are satisfied that the court acted within its discretion by weighing the § 3553(a) factors in this manner, and we therefore conclude that a sentence of 188 months' imprisonment is substantively reasonable.

The judgment of the district court is affirmed.

_____