# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1607

_____

United States of America,        *

                              *

      Plaintiff - Appellee,     *

                              *   Appeal from the United States

v.                         *   District Court for the

                              *   Western District of Arkansas.

Jil Antonio Resinos,       *

                              *   [PUBLISHED]

      Defendant - Appellant.   *

_____

Submitted: January 31, 2011
Filed: February 2, 2011

_____

Before RILEY, Chief Judge, WOLLMAN, LOKEN, MURPHY, BYE, MELLOY, SMITH, COLLOTON, GRUENDER, BENTON, and SHEPHERD, Circuit Judges, en banc.

_____

PER CURIAM.

Charged with five counts, Jil Antonio Resinos pled guilty to one count of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 120 months in prison, the mandatory minimum based on the court's drug-quantity calculation. He appealed, arguing that the court's calculation improperly aggregated amounts of meth involved in counts dismissed pursuant to the plea agreement. Following the precedent of *United States v. Jenkins*, 537 F.3d 894 (8th Cir. 2008), a panel of this court affirmed. *United States v. Resinos*, 623 F.3d 616, 618 (8th Cir. 2010). Resinos petitioned for rehearing en banc. The government,

changing its position on the aggregation issue, supported the petition. This court granted the petition for rehearing, vacating the panel opinion. This court now vacates Resinos's sentence and remands for resentencing.

An investigation of Resinos began on June 7, 2009, when a confidential informant (CI) contacted the Siloam Springs police, saying that he or she could purchase meth from Resinos. Resinos sold meth to the CI in six controlled purchases:

- June 9: 3.28 grams of a mixture of meth.

- June 10: 9.43 grams of actual meth.

- June 19: 9.3 grams of actual meth.

- June 29: 1.3 grams of actual meth.

- July 7: 25.3 grams of actual meth.

- August 12: 13.8 grams of actual meth.

The indictment charged five counts of distribution of meth for the sales on June 9, 10, 19, 29, and July 7. Count five charged Resinos with distribution on July 7. Resinos pled guilty only to count five; in exchange, the government dismissed the remaining counts.

Calculating the guideline range, the presentence investigation report (PSR) held Resinos accountable for more than 50 grams of actual meth by aggregating amounts from the dismissed counts as "relevant conduct." *See* U.S.S.G. § 1B1.3(a)(2) (relevant conduct is conduct that was "part of the same course of conduct or common scheme or plan as the offense of conviction."). The PSR thus calculated a total offense level of 29 that, with a criminal history of Category I, produced a guideline range of 87 to 108 months. The PSR determined, however, that the (same) aggregated quantity of meth used in calculating the offense level triggered a mandatory minimum sentence of 120 months under 21 U.S.C. § 841(b)(1)(A)(viii).

The parties disputed whether the dismissed relevant conduct should be aggregated to trigger the mandatory minimum sentence. The district court applied § 841(b)(1)(A)(viii), sentencing Resinos to the mandatory minimum of 120 months.

This court reviews de novo the district court's interpretation and application of the sentencing guidelines and statutes, and its fact-findings for clear error. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Blankenship*, 552 F.3d 703, 704 (8th Cir. 2009); *United States v. Hawkins*, 548 F.3d 1143, 1149 (8th Cir. 2008).

For a distribution "involving . . . 50 grams or more of methamphetamine," a defendant "shall be sentenced to a term of imprisonment which may not be less than 10 years." 21 U.S.C. § 841(b)(1)(A)(viii).

Resinos argues that in calculating the quantity of drugs "involv[ed]" in a violation of § 841(a), the calculation is limited to the quantity involved in the count of conviction – which here does not trigger the mandatory minimum under § 841(b)(1)(A)(viii). He concludes that because his violation was one discrete act of distribution, the district court erred by aggregating quantities of meth from his relevant conduct in applying the mandatory minimum.

In *Jenkins*, a panel of this court held that in determining whether a mandatory minimum applied to a distribution offense, the district court can aggregate drug quantities derived from relevant conduct. *Jenkins*, 537 F.3d at 897. This holding conflicts with the plain language of § 841(b): "Those subsections of § 841(b) which establish mandatory sentences for various drug amounts do so by reference solely to the offense of conviction . . . ." *United States v. Santos*, 195 F.3d 549, 551 (10th Cir. 1999), *abrogated on other grounds by United States v. Jones*, 235 F.3d 1231, 1237 (10th Cir. 2000).

This court overrules *Jenkins*. The only drug quantities that may trigger a mandatory minimum sentence for a discrete violation of § 841(a) are those involved

in the count of conviction.[1]  This court thus agrees with the other circuits that have addressed this issue.  *See United States v. Darmand*, 3 F.3d 1578, 1581 (2d Cir. 1993); *United States v. Estrada*, 42 F.3d 228, 230-232 & n.4 (4th Cir. 1994); *United States v. Sandlin*, 291 F.3d 875, 878-80 (6th Cir. 2002) (per curiam); *United States v. Rodriguez*, 67 F.3d 1312, 1324 (7th Cir. 1995); *United States v. Grissom*, 525 F.3d 691, 698 n.4 (9th Cir. 2008); *Santos*, 195 F.3d at 552-53.

Resinos's convicted violation of § 841(a) involved 25.3 grams of actual meth, below the 50-gram threshold of § 841(b)(1)(A)(viii).  The district court thus erred in ruling that it could not sentence Resinos below the 120-month mandatory minimum sentence.  This error is not harmless.  *See United States v. Walker*, 555 F.3d 716, 721-22 (8th Cir. 2009).

\* \* \* \* \* \* \*

This court vacates Resinos's sentence and remands for resentencing consistent with this opinion.

_____

[1]In some cases, such as where the count of conviction includes a conspiracy to violate § 841(a), a district court may aggregate amounts attributable to the defendant over a long period of time.  *See, e.g.*, *United States v. Smith*, 240 F.3d 732, 737-38 (8th Cir. 2001).  While the mandatory minimum calculation may appear to be based on the defendant's relevant conduct in such cases, the two inquiries are analytically distinct.  *See Rodriguez*, 67 F.3d at 1324 (applying § 841(b) in a conspiracy case and noting that "while our analysis resembles the 'relevant conduct' inquiry under U.S.S.G. § 1B1.3, we actually proceed under *Pinkerton*[ *v. United States*, 328 U.S. 640 (1946)].").