# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1165

_____

United States of America,                    *
                                             *
            Appellee,                         *
                                             *    Appeal from the United States
      v.                                      *    District Court for the Northern
                                             *    District of Iowa.
Edward Swingen,                               *
                                             *    [UNPUBLISHED]
            Appellant.                        *

_____

Submitted: May 5, 2011
Filed:  May 6, 2011

_____

Before MELLOY, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

      Edward Swingen appeals the sentence the district court[1] imposed after he pled guilty to receipt and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1) and 18 U.S.C. § 2252A(a)(5)(B), (b)(2).  Counsel has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the reasonableness of Swingen's sentence.

_____

      [1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

We conclude that the district court committed no procedural error in sentencing Swingen, and that the court imposed a substantively reasonable sentence. See Gall v. United States, 552 U.S. 38, 51 (2007) (in reviewing sentence, appellate court first ensures that district court committed no significant procedural error, and then considers substantive reasonableness of sentence under abuse-of-discretion standard); United States v. Miles, 499 F.3d 906, 909-10 (8th Cir. 2007) (explaining that district court's awareness of defendant's arguments precludes conclusion that court abused its discretion in failing to consider them); United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (describing ways in which court might abuse its discretion at sentencing).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____