NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2011
Decided Ocotber 21, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-3915

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 08-40087-004 |
| BRUCE TOM PUGH, *Defendant-Appellant.* | Joe Billy McDade, *Judge*. |

**ORDER**

Bruce Pugh pleaded guilty to selling and conspiring to sell crack cocaine. 21 U.S.C. §§ 841(a)(1) and 846. The district judge sentenced Pugh to 192 months' imprisonment and ten years' supervised release. Despite having waived his right to appeal in his plea agreement, Pugh brought this appeal. Pugh's counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he believes the appeal would be frivolous. Pugh opposes this motion in his Circuit Rule 51(b) response and requests the appointment of new counsel. We confine our review to the potential issues identified in counsel's facially adequate brief and in Pugh's response. *United States v. Schuh*, 289 F.3d 968, 973–974 (7th Cir. 2002).

Although counsel asserts that Pugh does not want his guilty plea set aside, Pugh asserts in his Rule 51(b) response that his plea was involuntary, so we will consider the validity of the plea. Because Pugh did not seek to withdraw his plea in the district court, we would review the voluntariness of the plea for plain error. *United States v. Sura*, 511 F.3d 654, 658 (7th Cir. 2008). In his Rule 51(b) response, Pugh contends that the court misinformed him during his plea colloquy that he was subject to a mandatory life sentence because he had two prior felony drug convictions. *See* 21 U.S.C. § 841(b)(1)(A). In his view he did not conspire to sell enough crack cocaine "at one time" to meet the requisite 50-gram threshold under § 841(b)(1)(A). But Pugh admitted in his plea agreement that he conspired to distribute 50 or more grams of crack, and the court confirmed during the plea colloquy that Pugh's factual admissions supported the plea. Even if each instance he bought or sold crack involved less than 50 grams, Pugh testified at sentencing to conspiring to distribute cumulatively at least 50 grams, so the sentence does apply. *See United States v. Rodriguez*, 67 F.3d 1312, 1324 (7th Cir. 1995) (aggregating biweekly deliveries of marijuana over the course of a year in determining quantity under § 841(b)(1)(A)); *see also United States v. Resinos*, 631 F.3d 886, 888 & n.1 (8th Cir. 2011). Pugh then asserts that the government did not file an information of his past convictions that it must file in order to seek an enhanced penalty under 21 U.S.C. §§ 841(b)(1)(A) and 851(a)(1), but he is mistaken; the government filed this information on July 9, 2009. A challenge to the voluntariness of Pugh's plea would therefore be frivolous.

Counsel considers challenging Pugh's sentence, but in light of Pugh's appeal waiver, this challenge would be frivolous. *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002). Counsel and Pugh consider challenging Pugh's sentence for exceeding the statutory maximum, *see United States v. Vallar*, 635 F.3d 271, 289 (7th Cir. 2011), but it does not exceed the statutory maximum and so this challenge would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw. Pugh's motion for appointment of substitute counsel is DENIED, and the appeal is DISMISSED.