# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-1333

_____

United States of America,

*Plaintiff - Appellee,*

v.

Donald K. Cowens,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 23, 2013
Filed: November 14, 2013
[Unpublished]

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Donald Cowens pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The

district court[1] sentenced Cowens to ninety-six months' imprisonment, which was at the top of the advisory guideline range. Cowens appeals the sentence, and we affirm.

On September 3, 2011, police officers in Kansas City saw Cowens and another man make a possible hand-to-hand drug transaction. The officers approached Cowens and told him that they would conduct a pat-down search. Cowens resisted, struck one officer in the face with a closed fist, and fled on foot. Officers arrested Cowens after a brief chase. The officers then searched Cowens and found a loaded revolver in a backpack that he was carrying. Cowens claimed that shortly before his contact with the officers, he discovered the firearm inside a bush and took possession of the weapon to prevent children in the area from finding and mishandling it.

A federal grand jury returned a one-count indictment charging Cowens with unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Cowens pleaded guilty, and the probation office recommended an advisory guideline sentencing range of seventy-seven to ninety-six months' imprisonment based on a total offense level of twenty-one and criminal history category of VI.

The district court adopted the recommended advisory range and then considered an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The court discussed the nature and circumstances of Cowens's offense, Cowens's history and characteristics (namely, his six prior felony convictions and combative behavior toward law enforcement officers and other authority figures), and the need for a sentence to promote respect for the law. The court acknowledged Cowens's recent participation in community programs, and "encourage[d] [Cowens] to continue on that journey." The court also mentioned deterrence, and the need to protect the public

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

from Cowens's future crimes. Based upon all of these factors, the district court imposed a sentence of ninety-six months' imprisonment, to be followed by three years of supervised release.

On appeal, Cowens argues that the sentence was greater than necessary and substantively unreasonable. In particular, Cowens asserts that the district court failed to give adequate weight to his troubled past and his recent participation in community programs. Cowens also argues that a shorter sentence would be sufficient to achieve the statute's purposes of affording general and specific deterrence. He cites a recidivism-related study for the proposition that, given his age, the likelihood of his reoffending will be greatly reduced long before the expiration of a ninety-six month term.

We review the reasonableness of a sentence for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 41 (2007), and a sentence within the advisory guideline range is presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Miles*, 499 F.3d 906, 909 (8th Cir. 2007). Given the nature and seriousness of Cowens's offense, his history of combativeness toward authority figures, his pattern of reoffending after prior prison sentences, and the need to protect the public from Cowens's future crimes, the sentence imposed by the district court was not unreasonable. The court was not required to infer from a general study of recidivism that Cowens himself posed a reduced risk of reoffending because of his age. In any event, even accepting Cowens's suggestion about the likelihood of recidivism, and even crediting that his recent participation in community programs indicated some degree of rehabilitation, other factors such as the need for a sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence militated in favor of the sentence imposed. The district court's decision to place greater emphasis on factors that favored a sentence within the advisory range than on other factors that might have

counseled a more lenient sentence is a permissible exercise of discretion under § 3553(a). *See United States v. Ruelas-Mendez*, 556 F.3d 6655, 658 (8th Cir. 2009).

The judgment of the district court is affirmed.

_____