# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1037

_____

United States of America,

*Plaintiff - Appellee,*

v.

Emmanuel Lee Newman,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: February 8, 2016
Filed: July 7, 2016
[Unpublished]

_____

Before SMITH, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Emmanuel Newman pleaded guilty to possession of a firearm as a previously convicted felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court[*] sentenced

_____

[*]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

him within the advisory guideline range to 110 months' imprisonment. Newman appeals the reasonableness of his sentence, and we affirm.

Law enforcement officers executed a search warrant in June 2014 at a residence where Newman lived with his girlfriend and children. Officers found drugs, drug paraphernalia, ammunition, and two handguns, one of which was capable of accepting a large capacity magazine. Newman later admitted that he was selling small quantities of crack cocaine from the residence, and that the firearms were used in connection with his drug sales.

Newman pleaded guilty to unlawful possession of a firearm as a previously convicted felon. At sentencing, the district court calculated Newman's base offense level under USSG § 2K2.1. Because Newman's instant offense involved a semiautomatic firearm capable of accepting a large capacity magazine and because Newman had been convicted previously of two crimes of violence, the district court determined that Newman's base offense level was 26. After applying a four-level enhancement for possession of a firearm in connection with a felony and a three-level reduction for acceptance of responsibility, the district court calculated that Newman's total offense level was 27 and his criminal history category was IV. Thus, Newman's advisory guideline range was 100 to 125 months' imprisonment, but a statutory maximum capped the range at 120 months' imprisonment.

Newman moved for a downward variance. He argued that because his prior felony convictions for crimes of violence occurred almost ten years before the instant conviction, the district court should give them less weight than the Sentencing Commission recommended. Newman noted that since his last crime-of-violence conviction, he had committed only minor crimes, mainly driving offenses. During that time, he was steadily employed and doing his best to support his family. Second, Newman suggested that the four-level enhancement for possession of a firearm in

connection with a felony was unduly harsh, because the underlying felony (*i.e.*, distributing small amounts of crack cocaine) was in his view relatively minor.

The district court was not persuaded. The court discussed the nature and circumstances of the offense, including that Newman placed his children in an environment that contained loaded firearms and sales of illicit drugs. The district court expressed concern about Newman's "extremely serious criminal history," which included "[a] lot of assaultive conduct," and commented that Newman's recent offenses, though nonviolent, evidenced a belief "that the law does not apply to him." The court rejected Newman's suggestion that the prior convictions for crimes of violence deserved less weight because of their age, explaining that the convictions are "still score[d] for purposes of the advisory guidelines," and that Newman "had more than a couple of very serious convictions." The court acknowledged mitigating circumstances, such as Newman's past employment, relative youth at age 30, and education, but also cited his problems with substance abuse and attempts to evade the authorities as aggravating factors. After examining the factors set forth in 18 U.S.C. § 3553(a), the court concluded that to protect the public and to account for Newman's extensive criminal history and lack of respect for the law, a sentence within the advisory range was appropriate.

Newman argues on appeal that the sentence is unreasonable, and we review the district court's choice of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). Because Newman's sentence is within the advisory guideline range, we presume that it is reasonable. *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009); *see Rita v. United States*, 551 U.S. 338, 347 (2007).

Newman repeats his arguments for a variance and contends that a 110-month sentence is "greater than necessary" to satisfy the purposes of sentencing under § 3553(a). He asserts that the district court should have placed more weight on the

mitigating facts that he identified. The district court, however, has substantial latitude in determining how to weigh the sentencing factors under § 3553(a). *Ruelas-Mendez*, 556 F.3d at 657. The court considered Newman's arguments for leniency but thought the nature of Newman's offense, his criminal history, the risk he presented to society, and his lack of respect for the law weighed more heavily in favor of a sentence within the advisory range. This determination was within the range of permissible discretion, and we see no basis to set aside the decision.

The judgment of the district court is affirmed.

_____