# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3940

_____

United States of America,

*Plaintiff - Appellee,*

v.

Jose Ricardo Ocanas,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 17, 2016
Filed: April 14, 2017
[Unpublished]

_____

Before LOKEN, SMITH[*], and COLLOTON, Circuit Judges.

_____

_____

[*]The Honorable Lavenski R. Smith became Chief Judge of the United States Court of Appeals for the Eighth Circuit on March 11, 2017.

PER CURIAM.

Jose Ricardo Ocanas pleaded guilty to conspiracy to distribute methamphetamine. The district court[**] determined an advisory guideline range of 292 to 365 months' imprisonment, settled on a term of 360 months before any departure, and then departed downward to a term of 270 months for reasons not relevant here. Ocanas appeals, arguing that his sentence is unreasonably long. We affirm.

The district court, in fashioning a sentence, has broad discretion over how to weigh the sentencing factors set forth in 18 U.S.C. § 3553(a). We review the sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The court sentenced Ocanas consistent with the advisory guideline range, and the sentence is therefore presumed reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Watson*, 480 F.3d 1175, 1177 (8th Cir. 2007).

The district court did not abuse its broad discretion. Ocanas argues that the court gave insufficient weight to mitigating evidence about his personal history and characteristics, including his "age, health, and dysfunctional upbringing." The court did not address these points expressly at the hearing, but Ocanas raised them orally and in writing, so we presume that the court considered these potential mitigating factors and found them unpersuasive. *United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012). Ocanas also argues that the district court gave too much weight to his criminal history, but it was proper for the sentencing judge to consider that Ocanas's record showed "a constant breaking of the law for as far back as at least I go in reading that history." It was permissible for the court to accord more weight to

---

[**]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

criminal history than to alleged mitigating factors cited by Ocanas. *See United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009).

The judgment of the district court is affirmed.

_____