# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2550

_____

United States of America

*Plaintiff - Appellee*

v.

Myron Lee Jones, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 14, 2018
Filed: July 13, 2018
[Unpublished]

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Myron Lee Jones, Jr., challenges the sentence he received after violating the conditions of his supervised release. The district court[1] revoked his supervised

_____

[1] The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

release and sentenced him to fifteen months in prison, with no period of supervised release to follow. Jones appeals, arguing that the district court abused its discretion at sentencing. We affirm the judgment of the district court.

Jones originally pleaded guilty to Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153(a). The district court sentenced him to eighteen months in prison, followed by a period of supervised release. After completing his term of imprisonment and starting his period of supervised release, Jones repeatedly violated the conditions of his supervised release. Of note, Jones repeatedly violated the condition that he abstain from consuming alcohol. Many of these violations were also accompanied by incidents of violence. Based on these violations, the district court modified his supervised-release conditions seven times. Then, after another violation, the district court revoked Jones's supervised release and sentenced him to nine months' imprisonment, followed by another period of supervised release.

After completing that term of imprisonment, Jones again began supervised release. Within months, he violated a supervised-release condition by again consuming alcohol. A petition to revoke Jones's supervised release alleged, in part, that he had consumed alcohol and had been charged in tribal court for criminal offenses, in violation of the conditions of his supervised release. Based on this purported violation, Jones's advisory sentencing range was three to nine months' imprisonment. At the revocation hearing, Jones admitted to violating the condition that he not consume alcohol. He then requested that, regardless of any imprisonment, the court place him in long-term in-patient care at a drug-treatment facility to help treat his substance-abuse problem. The court declined Jones's request and sentenced him to fifteen months' imprisonment with no supervised release to follow.

Jones contends that, at sentencing, the district court abused its discretion. "A district court abuses its discretion when it (1) fails to consider a relevant factor that

should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). When deciding whether to revoke a defendant's supervised release, pursuant to 18 U.S.C. § 3583(e)(3), a court considers a number of factors. See 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7). Those factors include "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need "to protect the public from further crimes of the defendant." Id. § 3553(a)(1), (a)(2)(C).

Jones first claims that the district court abused its discretion by not sufficiently considering his request for continued supervision and additional alcohol-abuse treatment. Although the court rejected Jones's request, the court's decision was not unreasonable. Having presided over Jones's prior sentencings, modifications, and revocation, the court was quite familiar with Jones's history and characteristics and his noncompliance with his supervised-release conditions. Many of Jones's supervised-release violations arose from incidents where he failed to complete substance-abuse treatment programs. Because the court was familiar with this history and listened at the revocation hearing to Jones's request for treatment, we cannot say that the district court failed to consider this factor or committed a clear error of judgment. See Feemster, 572 F.3d at 461.

Jones next argues that the district court abused its discretion at the revocation hearing by considering pending tribal charges that Jones did not admit to in stipulating to the supervised-release violation. As noted above, a sentencing court abuses its discretion when it "gives significant weight to an improper or irrelevant factor." Id. (citation omitted). At the hearing here, Jones confirmed that charges were pending against him in tribal court. Besides this quick colloquy, however, the court did not expressly mention those charges as the basis for revoking Jones's supervised release or for the sentence imposed. Therefore, even assuming this

consideration was an improper or irrelevant factor, we cannot say that the court gave this factor "significant weight."

Finally, Jones contends that the district court did not give any weight to his advisory sentencing range of three to nine months. This argument is without merit. The petition for revocation noted the applicable sentencing range, and we presume—in the absence of contrary evidence—that the district court considered the record and arguments before it. See United States v. Miles, 499 F.3d 906, 909–10 (8th Cir. 2007). Jones has not proffered evidence to the contrary.

Based on this analysis, we conclude that the district court did not abuse its discretion. Accordingly, the district court's judgment is affirmed.

_____