# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-2046

———————————————

United States of America

*Plaintiff - Appellee*

v.

Antwon Lavar Molden, also known as Antwan Lavar Molden

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

——————————

Submitted: March 5, 2019
Filed: March 12, 2019
[Unpublished]

——————————

Before BENTON, WOLLMAN, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Antwon Molden directly appeals the sentence the district court[1] imposed after he pleaded guilty to a felon-in-possession offense. His counsel has moved for leave

———————————————

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonable because the district court did not consider the 18 U.S.C. § 3553(a) factors. Having carefully reviewed the sentencing record, we conclude that there was no abuse of discretion, as the district court discussed some of the statutory factors in substance and also heard relevant arguments from Molden's counsel. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (standard of review); United States v. Gray, 533 F.3d 942, 943-44 (8th Cir. 2008) (this court presumes that district judges understand their obligation to consider § 3553(a) factors; if district court references some § 3553(a) factors, this court is ordinarily satisfied it was aware of them all); United States v. Miles, 499 F.3d 906, 909 (8th Cir. 2007) (because sentencing record demonstrated that district court heard extensive arguments from counsel, it was apparent from record that court properly considered, inter alia, defendant's mental health and history of drug addiction in determining that sentence imposed was proper).

Moreover, we have independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and conclude there are no nonfrivolous issues. Accordingly, we affirm the judgment, and grant counsel's motion to withdraw.

_____