# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1346
_____

United States of America

*Plaintiff - Appellee*

v.

Demorris Markee Binion

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: January 13, 2020
Filed: April 20, 2020
[Unpublished]
_____

Before COLLOTON, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Demorris Markee Binion appeals his sentence imposed by the district court[1] after he pled guilty to drug and firearm charges. On appeal, he asserts that the district court failed to recognize its authority to grant Binion's request for a greater downward variance from his United States Sentencing Guidelines range. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Binion's convictions arise from his participation in a controlled narcotics transaction in Des Moines, Iowa in February 2018. After officers observed Binion deliver methamphetamine during this controlled transaction, they obtained search warrants for Binion's residence, vehicle, and storage garage. Prior to executing the warrants, officers conducted a traffic stop of Binion, during which they discovered what testing later revealed to be 83.37 grams of actual methamphetamine and 17.17 grams of cocaine in the vehicle, along with a digital scale, $1,823 in cash, and two cell phones. When officers executed the search warrant on Binion's residence and garage, they recovered what testing later revealed to be 1712.2 grams of actual methamphetamine and packaging material containing 8.07 grams of actual methamphetamine, along with nearly $18,000 in cash and a loaded nine-millimeter handgun. In an interview with officers, Binion admitted that the methamphetamine and firearm belonged to him, and acknowledged that he had supply sources in Texas and California. A subsequent search of Binion's cell phone revealed contacts in Houston and Brownsville, Texas and documentation of nine bank deposits totaling $45,000.

Binion was subsequently indicted on one count of possession with intent to distribute at least 500 grams of a mixture and substance containing methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(C); one count of possession of a firearm in furtherance of a drug trafficking crime, in

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

-2-

violation of 18 U.S.C. § 924(c)(1)(A)(i); one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and one count of possession with intent to distribute at least 500 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). Binion entered a guilty plea to the distribution-of-cocaine-and-methamphetamine and possession-of-a-firearm-in-furtherance-of-a-drug-trafficking-crime charges. The felon-in-possession count and second distribution charge were dismissed at sentencing.

As part of his plea, Binion also signed a cooperation agreement and completed two controlled buys under the direction and supervision of law enforcement. However, law enforcement officers received information that Binion was continuing to sell large quantities of methamphetamine outside of his controlled buys. After officers apprehended Binion with a package of what testing showed was 1329.6 grams of methamphetamine, Binion admitted to accepting two packages with methamphetamine. A subsequent search of his residence and garage revealed over 1,000 grams of methamphetamine, a digital scale, plastic bags, and over $1,000 in cash. Binion admitted that he had received six packages of methamphetamine after entering his plea, each of which contained two kilograms of methamphetamine, for a total of 12 kilograms.

The presentence report calculated a base offense level of 38 and applied a two-level enhancement for maintaining a drug premises. After applying the reduction for acceptance of responsibility, Binion's total offense level of 37 and criminal history category of IV resulted in a Guidelines range of 292 to 365 months imprisonment for the distribution count, plus a mandatory consecutive 60 months imprisonment for the possession-of-a-firearm count. The district court denied Binion's motion for a downward variance based on the policy argument that the Guidelines treat offenders differently based upon the purity of methamphetamine involved in drug trafficking offenses, and sentenced Binion to 240 months for the distribution offense and 60

months for the possession-of-a-firearm offense, with the sentences running consecutively. The district court varied downward on the distribution count based on Binion's cooperation, despite Binion's return to drug dealing during his period of cooperation.

Binion appeals his sentence, asserting that the district court committed procedural error by denying his request for a downward variance based upon the Guidelines' pure methamphetamine and methamphetamine mixture disparity, specifically arguing that the district court failed to recognize its authority to vary downward. We review a sentence under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We review a sentence first for significant procedural error and second for substantive reasonableness. United States v. Williams, 624 F.3d 889, 896 (8th Cir. 2010). "Procedural errors include failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." Id. (internal quotation marks omitted).

We find no procedural error in Binion's sentence. The sentencing record makes clear that the district court was aware of its ability to grant a further downward variance based on the drug-purity policy argument. Binion's counsel stated at the sentencing hearing that he was requesting a variance to account for the Guidelines' disparate treatment of offenders based on methamphetamine purity and that this argument had already been the subject of briefing before the district court. The district court was not required to restate or repeat Binion's argument in order to sufficiently consider it. United States v. Miles, 499 F.3d 906, 910 (8th Cir. 2007) ("When [t]he record makes clear that the sentencing judge listened to each argument [and] considered the supporting evidence, . . . we cannot find that the sentence was in error or that the district court failed to address or consider the request for a

sentence below the Guidelines range." (first alteration in original) (internal quotation marks omitted)). We are satisfied that the district court considered the argument, even if it did not expressly address it. See United States v. Bowie, 618 F.3d 802, 811 (8th Cir. 2010) ("Although it would have been preferable for the district court to address explicitly [defendant's] motion for a downward variance based on the sentencing disparity, we find no error in the district court's failure to do so."). In sum, while the district court could have granted a downward variance based on a disagreement with the Guidelines' treatment of methamphetamine purity, see Kimbrough v. United States, 552 U.S. 85, 110 (2007), it had the discretion to decline to do so. United States v. Battiest, 553 F.3d 1132, 1137 (8th Cir. 2009). Because the district court recognized its authority to vary downward, but opted not to do so, it did not commit procedural error in imposing Binion's sentence.

For the foregoing reasons, we affirm.

_____