# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1331

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Geno Webb, | * |
| | * |
| Appellant. | * |

_____

No. 08-1332

_____

Appeals from the United States
District Court for the
Southern District of Iowa.

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Micaiah Rey, also known as Joshua | * |
| Sanders, also known as Cal, | * |
| | * |
| Appellant. | * |

_____

Submitted: September 23, 2008
Filed: October 28, 2008

_____

Before LOKEN, Chief Judge, WOLLMAN, and SMITH, Circuit Judges.

WOLLMAN, Circuit Judge.

Micaiah Rey and Geno Webb were convicted of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. In response to an interrogatory, the jury found beyond a reasonable doubt that the conspiracy involved more than five but less than fifty grams of cocaine base. For sentencing purposes, the district court[1] determined by a preponderance of the evidence that the conspiracy involved more than fifty but less than 150 grams of cocaine base. Accordingly, Rey was sentenced to 240 months' imprisonment, and Webb was sentenced to 130 months' imprisonment. Rey and Webb appeal, contending that their sentences must be based on the amount of drugs found by the jury and not the amount found by the judge. We affirm.

I.

Between April 2005 and November 2006, law enforcement agencies in southeastern Iowa investigated Webb's and Rey's sales of cocaine base, also known as crack cocaine. Throughout the investigation, officers enlisted several cooperating individuals to purchase crack cocaine in controlled buys. Typically, a cooperating individual called either Webb or Rey to arrange a meeting time and place. Officers provided pre-serialized money to the cooperating individual, searched the individual before and after the buy, and monitored the exchange. The individual met with either Webb or Rey, purchased the drugs, and returned the drugs to the officers. The ongoing investigation also involved three warrant-based searches. Rey was present for all three searches, and Webb was present for two. These searches uncovered drugs, drug paraphernalia, and approximately $14,000 cash. Each stash of money

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

included pre-serialized bills from the controlled buys. A grand jury charged Webb and Rey in a five-count superseding indictment, including one count of conspiracy to distribute at least fifty grams of a mixture or substance containing cocaine base.

The government presented several witnesses who testified to buying crack cocaine from Webb and Rey, either for their personal use or in controlled buys. Various law enforcement officers testified regarding the controlled buys and the searches. The physical evidence that the government submitted included audio recordings of cooperating individuals arranging controlled buys with Webb or Rey; crack cocaine purchased in the controlled buys; drugs, drug paraphernalia, and photos of money seized during the searches; and cellular phone records. The jury found both Webb and Rey guilty of conspiracy to distribute crack cocaine, as charged in the indictment. In response to an interrogatory, the jury found beyond a reasonable doubt that the amount of cocaine base involved in the conspiracy was more than five grams but less than fifty grams.

At the first sentencing hearing, the district court found by a preponderance of the evidence that the conspiracy involved more than fifty and less than 150 grams of crack cocaine. The court found that the witness testimony regarding drug purchases for personal use was credible and that the money was evidence of drug dealing beyond that found by the jury. Accordingly, the court assigned a base offense level of 30 to both Webb and Rey. After denying all requests for adjustments, the district court concluded that both defendants' criminal history category was III, resulting in an advisory guidelines sentencing range of between 121 and 151 months. The court sentenced Webb to 130 months' imprisonment. At a later hearing, the court found that Rey's prior Illinois state conviction qualified as a felony drug offense and that he was subject to the mandatory minimum sentence set forth in 21 U.S.C. § 841(b)(1)(A). Over Rey's objection, he was sentenced to 240 months' imprisonment.

## II.

Webb and Rey argue that the district court erred at sentencing by applying a preponderance of the evidence standard to determine drug quantity in excess of that found by the jury beyond a reasonable doubt. We review this issue de novo, in light of our case law interpreting 21 U.S.C. § 841(b)(1) and Apprendi v. New Jersey, 530 U.S. 466 (2000).

A preponderance of evidence standard of proof applies to judicial fact finding at sentencing, a standard that satisfies both the Fifth Amendment's guarantee to due process and the Sixth Amendment right to trial by jury. United States v. Cole, 537 F.3d 923, 929 (8th Cir. 2008). Drug type and quantity determine the statutory sentencing range in cases charged under 21 U.S.C. §§ 841 and 846, with the statutory maximum being based on the amount a jury finds beyond a reasonable doubt. United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir. 2000). The government, however, is not required to prove quantity to convict a defendant. United States v. Rolon-Ramos, 502 F.3d 750, 755-56 (8th Cir. 2007). Rather, if the government wishes to seek a sentence that exceeds the statutory sentencing range for an indeterminate amount of drugs, "then [it] must charge the facts giving rise to the increased sentence in the indictment and must prove those facts to the jury beyond a reasonable doubt." Aguayo-Delgado, 220 F.3d at 933. Accordingly, a district court may impose a sentence based on a drug quantity determination greater than that found by the jury so long as the sentence does not exceed the statutory maximum of the convicted offense and the district court's calculation is supported by sufficient evidence. United States v. Serrano-Lopez, 366 F.3d 628, 638 (8th Cir. 2004); United States v. Johnston, 353 F.3d 617, 6245 (8th Cir. 2003) (per curiam). This is true even where the district court's finding subjects a defendant to a lengthier mandatory minimum sentence than that which would be applicable based solely on the jury's quantity determination. United States v. Jenkins, 537 F.3d 894, 896-97 (8th Cir. 2008).

The sentences imposed in this case were appropriate because they did not exceed the statutory maximum of the convicted offense and the evidence supported the district court's drug quantity finding. As stated above, the jury found beyond a reasonable doubt that Webb and Rey conspired to distribute between five and fifty grams of cocaine base. The penalties set forth in § 841(b)(1)(B) for conspiracy to distribute more than five grams of cocaine base include a term of imprisonment between five and forty years, and if the defendant has a prior felony drug offense conviction, a term of imprisonment between ten years and life. Even though the district court sentenced the defendants based on its finding that the conspiracy involved between fifty and 150 grams of cocaine base, both Webb and Rey were sentenced within the § 841(b)(1)(B) range. Stated differently, neither was sentenced to a term of imprisonment greater than the statutory maximum for the offense that the government proved to a jury beyond a reasonable doubt.

Moreover, the district court's drug quantity determination was not clearly erroneous. See United States v. Titlbach, 300 F.3d 919, 923 (8th Cir. 2002) (reviewing for clear error the district court's drug quantity determination). Webb and Rey concede that the physical evidence showed that the conspiracy involved about thirty-five grams of cocaine base, which was the total amount purchased in the controlled buys and seized in the related searches. The district court found credible the witness testimony regarding drug buys for personal use and found that the seized money was evidence of drug dealing beyond that which the jury found. Based on the record before us, a preponderance of the evidence supported the district court's drug quantity determination.

Rey argues that the district court erred in applying the mandatory minimum sentence of § 841(b)(1)(A), conspiracy to distribute fifty grams or more of cocaine base, because the jury found that the conspiracy involved less than fifty grams. This argument fails, however, because facts that increase a mandatory minimum sentence need not be proved to a jury beyond a reasonable doubt, as long as the penalty is

within the range of the convicted offense.  Aguayo-Delgado, 220 F.3d at 933-34.  We recently held that a district court erred when it failed to apply the mandatory minimum sentence of § 841(b)(1)(A) to a defendant who had been indicted and convicted under § 841(b)(1)(B).  Jenkins, 537 F.3d at 896-97.  Because the district court found by a preponderance of the evidence that the defendant was responsible for 96.20 grams of cocaine base, he was subject to the § 841(b)(1)(A) mandatory minimum sentence.  Id.  Accordingly, the district court here correctly sentenced Rey to twenty years' imprisonment, the mandatory minimum under § 841(b)(1)(A).

Similarly, Rey urges us to adopt the Second Circuit's opinion in United States v. Gonzalez, 420 F.3d 111, 115 (2nd Cir. 2005), and hold that drug quantities are elements of an offense under 21 U.S.C. § 841(b)(1).  Rey argues that § 841(b)(1) defines three distinct crimes, each based on the amount of drugs involved in the conspiracy, and that quantity must be proved beyond a reasonable doubt to a jury.  Rey's proposal, however, is contrary to the law of this circuit.  We have previously held that the statute sets forth the elements of the offense that must be proved beyond a reasonable doubt and that "drug quantity is not such an element unless the quantity can and does lead to the imposition of a sentence greater than the otherwise applicable statutory maximum."  Serrano-Lopez, 366 F.3d at 638.  We are not at liberty to overrule circuit precedent.  United States v. Lucas, 521 F.3d 861, 867 (8th Cir. 2008) ("[O]nly the en banc court can overrule prior circuit precedent.").

Finally, Webb and Rey argue that the district court's drug quantity determination violated the Fifth Amendment's prohibition on double jeopardy.  The double jeopardy clause generally has no application in the sentencing context.  Monge v. California, 524 U.S. 721, 728 (1998).  Because drug quantity is not an element of the offense in this case, the sentences did not subject Webb or Rey to new jeopardy for previously committed crimes, and thus no constitutional error occurred.

## Conclusion

The sentences are affirmed.

_____