**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5066**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

DEMORRIS TYRESE ALLEN,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:05-cr-00390-RJC-CH-10)

Submitted:  August 26, 2009        Decided:  September 8, 2009

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Harold M. Vaught, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Demorris Tyrese Allen was convicted of conspiracy to possess with intent to distribute cocaine base. The district court imposed a 324-month sentence. Allen appeals, contending that the evidence was insufficient to support the verdict and that the district court's factual findings at sentencing violated his Sixth Amendment rights. Finding no error, we affirm.

In order to support Allen's conviction for conspiracy to possess with intent to distribute crack cocaine, the Government had to prove that he entered into an agreement with one or more persons to engage in conduct that violated 21 U.S.C. § 841(a)(1) (2006), that he had knowledge of the conspiracy, and that he knowingly and voluntarily participated in the conspiracy. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Allen concedes that the evidence supported possession with intent to distribute, but contends that the evidence was insufficient to prove that he was a member of a conspiracy. He argues that the evidence established a mere buyer/seller relationship between himself and others.

In United States v. Reid, 523 F.3d 310 (4th Cir.), cert. denied, 129 S. Ct. 663 (2008), we held that "[e]vidence of a buy-sell transaction coupled with a substantial quantity of drugs, would support a reasonable inference that the parties

were coconspirators." Id. at 317 (internal quotation marks, alteration, and citation omitted). Similarly, continued relationships and repeated drug transactions between parties are indicative of a conspiracy, particularly when the transactions involve substantial amounts of drugs. Id.

At trial, two cooperating witnesses described Allen's purchases of cocaine base. One witness testified that, on one occasion, he sold 56 grams of crack to Allen. The other witness testified to numerous transactions between Allen and himself, amounting to a total of approximately 560 grams of crack. Although the individual transactions between Allen and this witness do not involve substantial quantities, the amounts of each transaction were significantly more than user quantities and, over the course of their six months of dealings, this witness provided Allen with a substantial amount of crack cocaine. We find that this evidence, viewed in the light most favorable to the Government, was sufficient to prove that Allen was part of the conspiracy. See United States v. Higgs, 353 F.3d 281, 313 (4th Cir. 2003).

Allen also challenges his sentence, contending that the district court's finding that he was responsible for 510 grams of crack cocaine was in violation of his Sixth Amendment right to a jury trial, when the jury made the specific finding

that Allen was responsible for between five and fifty grams of crack.

"Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008), cert. denied, 129 S. Ct. 950 (2009); see also United States v. Perry, 560 F.3d 246, 258 (4th Cir. 2009) (holding that, after United States v. Booker, 543 U.S. 220 (2005), district courts may "continue to make factual findings by a preponderance of the evidence," including relying on acquitted conduct). As long as the sentence imposed does not exceed the statutory maximum authorized by the jury's verdict, the district court does not violate the Sixth Amendment by imposing a sentence based on a higher drug quantity than was determined by the jury. United States v. Webb, 545 F.3d 673, 677 (8th Cir. 2008).

Here, the jury made the specific finding that Allen was responsible for between five and fifty grams of crack cocaine. The maximum sentence allowed under the statute based on this finding is life imprisonment. See 21 U.S.C. §§ 841(b)(1)(B), 851 (2006) (authorizing sentence of ten years to life for offenses involving more than five grams of cocaine

4

base if defendant had a prior felony drug offense). The sentencing court determined by a preponderance of the evidence that Allen was responsible for conspiring to possess 510 grams of cocaine base. The 324-month sentence imposed by the court after this finding was within the maximum authorized by the jury's verdict and therefore does not violate the Sixth Amendment.

Accordingly, we affirm Allen's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED