**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4186**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT LEE CHILDERS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:07-cr-00017-IMK-1)

Submitted: February 18, 2010        Decided:  March 15, 2010

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lee Childers pled guilty to distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (2006), and was sentenced to 135 months' imprisonment. On appeal, he raises an as-applied Sixth Amendment challenge to his sentence, arguing that his sentence would not be "reasonable" under 18 U.S.C. § 3553(a) (2006) if not for the judicially-found facts that substantially increased his guidelines range. Finding no constitutional error, we affirm.

Although the count in the indictment to which Childers pled guilty charged him with distribution of approximately .23 grams of crack cocaine, at sentencing, the district court found Childers responsible under relevant conduct for a "high low of 184.94 to 260.77 [grams of cocaine base]." Childers' ultimate advisory guidelines range based in part on this finding was 121 to 151 months' imprisonment. The district court concluded that 135 months was a reasonable sentence in Childers' case.

On appeal, Childers raises an as-applied Sixth Amendment challenge to his sentence, arguing that his sentence would not be "reasonable" under 18 U.S.C. § 3553(a) in the absence of the district court's factual determination as to the amount of drugs attributable to him. After United States v. Booker, 543 U.S. 220 (2005), the sentencing court still may

2

engage in fact-finding necessary to a correct calculation of the applicable guidelines.  See United States v. Battle, 499 F.3d 315, 322-23 (4th Cir. 2007).  Nonetheless, Childers argues that, in his case, a constitutional violation occurred because the district court's decision significantly increased his guideline range.

Childers bases his argument on Justice Scalia's concurring opinion in Rita v. United States, 551 U.S. 338 (2007), in which Justice Scalia stated, "there will inevitably be *some* constitutional violations under a system of substantive reasonableness [appellate] review, because there will be some sentences that will be upheld as reasonable only because of the existence of judge-found facts."  Id. at 374 (Scalia, J., concurring in part and concurring in the judgment) (emphasis in original).  Childers argues that, because a judge-found fact (the amount of drugs attributed to him) was necessary to achieve a correct calculation of the guidelines range and a lawful sentence and that the fact determined by the court had the effect of increasing his sentence significantly, his Sixth Amendment right to a jury trial was violated.

A district court violates the Sixth Amendment when it applies the guidelines as mandatory and imposes a sentence greater than the maximum allowed by the jury's verdict.  See United States v. Perry, 560 F.3d 246, 258 (4th Cir. 2009)

3

(holding that, after Booker, district courts may "continue to make factual findings concerning sentencing factors by a preponderance of the evidence," including relying on acquitted conduct); United States v. Webb, 545 F.3d 673, 677 (8th Cir. 2008) (finding that, as long as the sentence imposed does not exceed the statutory maximum authorized by the jury's verdict, the district court does not violate the Sixth Amendment by imposing a sentence based on a higher drug quantity than was determined by the jury).

In United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008), we specifically rejected the Sixth Amendment as-applied argument, finding it "too creative for the law as it stands." We reiterated that "[s]entencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." Id. As we noted, "[t]he point is thus that the Guidelines must be advisory, not that judges may find no facts." Id.; see also United States v. Ashqar, 582 F.3d 819, 825 (7th Cir. 2009) ("While [the as-applied Sixth Amendment] argument is not without its advocates, it is not the law.") (internal citations omitted); United States v. Setser, 568 F.3d 482, 498 (5th Cir. 2009) (rejecting as-applied Sixth Amendment challenge to a higher sentence within the statutory maximum

4

based on judicially-found facts); <u>United States v. White</u>, 551 F.3d 381, 384 (6th Cir. 2008) (en banc) ("In the post-<u>Booker</u> world, the relevant statutory ceiling is no longer the Guidelines range but the maximum penalty authorized by the United States Code."); <u>United States v. Redcorn</u>, 528 F.3d 727, 745-46 (10th Cir. 2008) (rejecting as-applied Sixth Amendment challenge to judicially-found facts).

Here, Childers pled guilty to distribution of .28 grams of cocaine base. The maximum sentence allowed under the statute based on his plea is twenty years' imprisonment. <u>See</u> 21 U.S.C. § 841(b)(1)(C). The sentencing court determined by a preponderance of the evidence that Childers was responsible for between "184.94 to 260.77 [grams of cocaine base]." The 135-month sentence imposed by the district court, based on this finding and after treating the guidelines as advisory, was within the maximum authorized sentence. Therefore, we find that Childers' sentence does not violate the Sixth Amendment.

Accordingly, we affirm Childers' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5