# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3549

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Peter Hanson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 17, 2011
Filed: April 12, 2011

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Peter Hanson was charged with conspiring to distribute 1000 kilograms or more of marijuana. The government filed an information alleging that he had a prior felony drug conviction, which increased the mandatory minimum sentence for a conviction to twenty years in prison. See 21 U.S.C. §§ 841(b)(1)(A), 851. A jury found Hanson guilty of the charged conspiracy, and the district court[1] imposed the mandatory twenty-year sentence. Hanson appeals the sentence. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967).

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Hanson argues that the evidence was insufficient to support his conviction because, while he admittedly was involved in a marijuana trafficking conspiracy, the government's evidence "was simply too unreliable to prove the drug quantity -- 1,000 or more kilograms -- beyond a reasonable doubt." Although drug quantity is not an element of the crime unless it increases the statutory maximum punishment, see United States v. Webb, 545 F.3d 673, 678 (8th Cir. 2008), cert. denied, 129 S. Ct. 2013, 2021 (2009), Hanson's statutory maximum sentence with a prior felony drug conviction would be ten years if he was convicted of conspiring to distribute less than 50 kilograms of marijuana. 21 U.S.C. § 841(b)(1)(D). Accordingly, at least this quantity question was properly submitted to the jury.

At trial, Hanson's coconspirators testified about trips to Texas to buy marijuana that Hanson resold in Iowa. If believed by the jury, the total amounts purchased, together with marijuana seized when two conspirators were arrested and additional quantities found in warrant searches of conspirators' homes, totaled well over 1000 kilograms of marijuana. These prosecution witnesses explained their cooperation agreements with the government, and it was up to the jury to determine their credibility. See United States v. Hodge, 594 F.3d 614, 618 (8th Cir. 20101). Viewing the evidence in the light most favorable to the jury's verdict, as we must, the evidence was more than sufficient to support a quantity finding warranting the mandatory minimum twenty-year sentence.

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no non-frivolous issues for appeal. Accordingly, we affirm the judgment of the district court. We grant counsel's motion to withdraw, subject to counsel informing Hanson about the procedures for seeking rehearing by this court and filing a petition for a writ of certiorari with the Supreme Court.

_____