NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4166

_____

UNITED STATES OF AMERICA

v.

FREDDIE LOPEZ-ESMURRIA,
                              Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-11-cr-00230-001)
District Judge: Honorable Yvette Kane

_____

Argued on July 7, 2015

Before: FUENTES, SLOVITER and ROTH, Circuit Judges
(Opinion filed: October 27, 2015)

Samuel Rivera, Esquire        **(Argued)**
Rivera Law Firm
P.O. Box 62051
Harrisburg, PA 17106

                Counsel for Appellant

Daryl F. Bloom, Esquire     **(Argued)**
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108

                Counsel for Appellee

---

OPINION[*]

---

ROTH, <u>Circuit Judge</u>

Freddie Lopez-Esmurria was convicted of cocaine and heroin distribution under 21 U.S.C. § 841(a)(1) and related conspiracies under 21 U.S.C. § 846. The jury was given a special verdict sheet with ranges of drug quantities and found that Lopez-Esmurria trafficked less than 500g of cocaine and less than 100g of heroin. With respect to cocaine, the verdict form also presented options of weights between 500g and 5kg and greater than 5kg. With respect to heroin, the verdict form also presented options of weights between 100g and 1kg and greater than 1kg. The jury declined to choose those options. At sentencing, the District Court found, by a preponderance of the evidence, that Lopez-Esmurria trafficked 9kg of cocaine and 320g of heroin. These findings raised Lopez-Esmurria's Sentencing Guidelines offense level from 20 to 36. Based on a Category II Criminal History, Lopez-Esmurria's Guidelines Sentence range increased from 36–47 months to 210–262 months. The District Court sentenced him to 210 months. Lopez-Esmurria appealed.

Lopez-Esmurria first argues that his Sixth Amendment rights were violated under the Supreme Court's *Apprendi*[1] line of cases because the additional drug quantities at sentencing constituted an element of the crime that must be found by a jury. Under the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

*Apprendi* line of cases, facts that change the mandatory punishment a defendant is subject to—"elements" of a crime—must be found by a jury beyond a reasonable doubt.[2]  In 2007, we held in *United States v. Grier* that because Sentencing Guidelines are advisory,[3] *Apprendi* does not apply to facts relevant to enhancements.[4]  In 2013, the Supreme Court decided *Alleyne v. United States*, explaining that a factual finding that raises either the applicable mandatory maximums or minimums—not exclusively maximums as *Apprendi* held—triggers the Sixth Amendment inquiry.[5]  Lopez-Esmurria argues that because the drug quantities found by the judge were so vastly different from those found by the jury, he was subject to a greater mandatory minimum under 28 U.S.C. § 841(b) and the sentence is invalid under *Alleyne*.  But the District Court sentenced Lopez-Esmurria pursuant to the Guidelines, not to a mandatory minimum, and as we held last year, *Alleyne* did not upset our holding in *Grier*.[6]  We reiterate now that drug quantities are sentencing factors, not elements of the crime.  "Broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."[7]  Lopez-Esmurria has no claim under *Apprendi* or *Alleyne*.

Lopez-Esmurria also contends that there was not enough reliable evidence for the District Court to make the drug quantity findings it made.  Here he fares better.  We

---

[2] *See, e.g.*, *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013).
[3] *See United States v. Booker,* 543 U.S. 220, 259 (2005).
[4] 475 F.3d 556, 565-66 (3d Cir. 2007) (en banc).
[5] 133 S. Ct. at 2155.
[6] *United States v. Smith*, 751 F.3d 107, 117 (3d Cir. 2014) ("The Supreme Court's recent decision in [*Alleyne*] has not changed the field of play."); *see also United States v. Freeman*, 763 F.3d 322, 335-36 (3d Cir. 2014) (citing *Smith*, *supra*).
[7] *Alleyne*, 133 S. Ct. at 2163.

review the factual determinations that contribute to selecting a Guidelines range for clear error.[8] We do not question the credibility determinations; that is distinctly the province of the District Court. But the District Court found precisely the drug quantities suggested to it by the Presentence Investigation Report, and even crediting every witness, we cannot find evidence in the record to support the drug quantities found by the District Court.

The PSR's drug quantity calculation relied on twice-monthly drug buys of minimum 250g cocaine and 10g heroin, for sixteen months, with an additional two isolated kilogram purchases of cocaine added in, for a total of 9kg of cocaine and 320g of heroin.[9] The District Court stated that it relied on the trial testimony of Jorge San Miguel, Angel Cruz, Jerome Brunson, and Darryl Pierce to determine the drug quantities.[10] But neither Cruz nor Pierce's testimony contributed to the eventual calculations, most of which came from the testimony of Zenaida Arroyo, whom the court did not mention.

Arroyo testified that Lopez-Esmurria came to Fremo Santana's house "a couple times a month" to pick up drugs, the smallest cocaine package she ever saw Santana use was 250g, and the smallest heroin package was one "finger" (10g).[11] The calculations base both the frequency of pickups and minimum purchase on Arroyo's testimony. But

---

[8] *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).
[9] J.A. 465-66.
[10] J.A. 561.
[11] J.A. 304-06, 310.

there is an unstated assumption that every time Lopez-Esmurria came to Santana's house, Lopez-Esmurria received *both* heroin and cocaine, although no witness testified to that.[12]

The information about the two individual kilograms of cocaine came from the testimony of San Miguel and Brunson. San Miguel testified that at some undetermined time between 2009 and when he was imprisoned in April 2010, he saw Lopez-Esmurria purchasing a kilogram of cocaine from Fremo Santana.[13] Brunson similarly testified to seeing Lopez-Esmurria receive what appeared to be a kilogram of cocaine, but he insisted that he did not know for certain. Like San Miguel, Brunson's timeline was unspecified between 2009 or 2010.[14] While the indictment in this case is for conduct that postdated March 2010, the PSR and the Government included—and the District Court accepted— both of these purchases in the calculation uncritically.

Though the quantities were described as "very very conservative" estimates,[15] they are not.[16] The District Court erred by unquestioningly accepting these calculated drug

---

[12] At oral argument, counsel for the Government was asked where in the record it indicates that Lopez-Esmurria received both drugs each time he visited Santana, and he responded that he "can't specifically point to the record in that regard." Oral Arg. at 20:20, *available at* http://www2.ca3.uscourts.gov/oralargument/audio/14-4166USAv.LopezEsmurria.mp3. Counsel further stated unspecifically that the assumption was based on "at least several witnesses that testified as to drug weight," *id.* at 21:19, and eventually admitted that he "believe[s] there's no specific testimony that he was absolutely getting cocaine and heroin every single time." *Id.* at 22:41.

[13] J.A. 167, 463.

[14] J.A. 283.

[15] J.A. 574.

quantities. We will therefore affirm the judgment of conviction but vacate the judgment of sentence and remand this case to the District Court for recalculation of the appropriate Guidelines Range on the record actually before it and resentencing.[17]

---

[16] The Government separately asserts, with no basis in fact, that Lopez-Esmurria "was receiving . . . up to 1/4 kilogram quantities of heroin approximately two times per month." Gov't Br. at 10 (citing PSR ¶ 6). The PSR citation does not point to any actual evidence to support that statement, and Lopez-Esmurria objected to the drug quantities in the PSR. An independent review reveals *no* place in the entire record that even mentions a single instance of a quarter-kilogram quantity of heroin. While this assertion did not factor into the ultimate calculations, it demonstrated the carelessness with which both the PSR and the Government's brief treated drug quantities that led to extra years' imprisonment.

[17] We have considered the remainder of Lopez-Esmurria's arguments, that the District Court erroneously applied the leadership role enhancement and that the District Court abused its discretion in admitting testimony that predated the time frame in the Indictment, and find them without merit.