**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3838
_____

UNITED STATES OF AMERICA

v.

FREDDIE LOPEZ-ESMURRIA,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Cr. No. 1-11-cr-00230-001)
District Judge:  Hon. Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 8, 2017
_____

Before:  CHAGARES, VANASKIE, and FUENTES, *Circuit Judges*

(Filed:  October 23, 2017)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge.*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

Following a jury trial, Appellant Freddie Lopez-Esmurria was convicted of distribution of cocaine and heroin and related conspiracies. At his initial sentencing, the District Court found the quantity of drugs attributable to Lopez-Esmurria to be higher than that found by the jury on a special verdict form and sentenced him accordingly. Lopez-Esmurria appealed that sentence and we held that, although the District Court possessed the authority to find a drug quantity greater than that found by the jury, the drug quantity that the Court had attributed to Lopez-Esmurria was not supported by the record. *See United States v. Lopez-Esmurria*, 629 F. App'x 284, 286-87 (3d Cir. 2015). We remanded the matter so that Lopez-Esmurria could be resentenced. Upon resentencing, the District Court once again found Lopez-Esmurria responsible for a drug quantity that was higher than the amount found by the jury. Lopez-Esmurria now appeals his resentencing, arguing again that the District Court's finding contravenes his Sixth Amendment rights. Because the District Court possessed the authority to sentence Lopez-Esmurria on the basis of a drug quantity greater than that found by the jury, and Lopez-Esmurria does not challenge the accuracy of the District Court's calculations of drug quantity, we will affirm.

II.

In January of 2014 Lopez-Esmurria was convicted of cocaine and heroin distribution, in violation of 21 U.S.C. § 841(a)(l), and related conspiracies, in violation of 21 U.S.C. § 846. In completing the special verdict form, the jury reported that the Government had proven beyond a reasonable doubt that Lopez-Esmurria was guilty of

2

trafficking less than 500g of cocaine and less than 100g of heroin. At sentencing, however, the District Court found that Lopez-Esmurria was responsible for 9 kilograms of cocaine and 320 grams of heroin. According to Lopez-Esmurria, The effect of these findings was to raise the imprisonment range under the United States Sentencing Guidelines from 36-47 months to 210-262 months. The District Court imposed a prison term of 210 months, and Lopez-Esmurria appealed.

On appeal, we held that drug quantity was not an element of the crimes with which Lopez-Esmurria had been charged, and the District Court was thus not bound by the jury's special verdict form, but could instead determine the amount of drugs attributable to Lopez-Esmurria. *See Lopez-Esmurria I*, 629 F. App'x at 286. We also concluded, however, that the record did not support the District Court's findings as to the quantity of drugs attributable to Lopez-Esmurria, and remanded for a re-determination of drug quantity and resentencing. *Id.* at 287.

On remand, the District Court made detailed written findings of specific amounts in the form of cocaine, crack cocaine, and heroin attributable to Lopez-Esmurria. Specifically, the District Court found that for sentencing purposes, Lopez-Esmurria was responsible for 564.12 grams of cocaine, .37 grams of crack cocaine, and .36 grams of heroin. The District Court directed the Probation Office "to calculate the applicable offense level in accordance with [these] findings." (App. 82.) As a result of the District Court's findings, the Guidelines imprisonment range for Lopez-Esmurria was reset at 87 to 108 months. The District Court resentenced Lopez-Esmurria to 96 months'

imprisonment.  Lopez-Esmurria now appeals his resentencing as a violation of his Sixth

Amendment right.

III.

The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231.

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. §

3742(a).  This Court reviews the District Court's interpretation of the Sentencing

Guidelines de novo.  *United States v. Kluger*, 722 F.3d 549, 555 (3d Cir. 2013).  A

district court's application of the sentencing guidelines to a set of facts is reviewed for an

abuse of discretion.  *Id.*

IV.

On appeal, Lopez-Esmurria challenges the authority of the District Court to find

that he is responsible for 564.12 grams of cocaine because the jury found that he was

responsible for less than 500 grams of cocaine.[1]  We rejected this very same argument in

*Lopez-Esmurria I*.  What we stated then remains applicable now:

> We reiterate now that drug quantities are sentencing factors, not elements of
> the crime. 'Broad sentencing discretion, informed by judicial factfinding,
> does not violate the Sixth Amendment.' Lopez-Esmurria has no claim under
> *Apprendi* or *Alleyne*.

*Lopez-Esmurria I*, 629 F. App'x at 286

Lopez-Esmurria argues that in our first opinion we "did not make a determination

as to whether the affirmative findings of drug quantity made by the jury on the Special

---

[1] Lopez-Esmurria does not challenge the District Court's drug quantity findings at
the resentencing proceeding, and we thus accept them as accurate.

4

Verdict Form precluded the District Court from making a contradictory finding during sentencing." (Appellant's Brief at 12.) He urges that we follow *United States v. Pimentel-Lopez*, 859 F.3d 1134, 1140 (9th Cir. 2016). Like our case, the jury in *Pimentel-Lopez* made a finding beyond a reasonable doubt that the accused was responsible for less than a specified quantity. The Ninth Circuit ruled that an "affirmative finding by the jury that the quantity of drugs involved was less than a specific amount precluded a contradictory finding by the district judge during sentencing." *Id.* at 1141.

Assuming that we can consider this argument notwithstanding our holding in *Lopez-Esmurria I*, we find it unpersuasive for several reasons. First, the Ninth Circuit's ruling conflicts with our case law, which holds that "[a] district court may, consistent with the Fifth and Sixth Amendments, engage in additional factfinding, using a preponderance-of-the-evidence standard, to select an appropriate sentence up to the statutory maximum based on application of the Guidelines." *United States v. Smith*, 751 F.3d 107, 117 (3d Cir. 2014). Second, a jury's finding of drug quantity under a standard of proof of beyond a reasonable doubt standard is not inconsistent with a judge finding a greater drug quantity applying the applicable preponderance of the evidence standard. *See United States v. Grier*, 475 f.3d 556, 568 (3d Cir. 2007) (en banc). Third, the Ninth Circuit's decision is inconsistent with rulings from our sister circuits that have addressed the question of whether a sentencing court can find a drug quantity greater than a jury finding. *See, e.g., United States v. Webb*, 545 f.3d 673. 676-77 (8th Cir. 2008); *United States v. Magallanez*, 408 F.3d 672, 683-84 (10th Cir. 2005); *United States v. Goodine*,

5

326 F.3d 26, 32 (1st Cir. 2003); *United States v. Smith*, 308 F.3d 726, 745 (7th Cir. 2002).  And finally, even if the District Court was precluded from finding an amount of cocaine greater than 500 grams, the Guidelines sentencing range applied here would remain the same.  As noted above, Lopez-Esmurria does not assail the correctness of the District Court's factual findings as to drug quantities.  Those findings for cocaine, cocaine base, and heroin, when converted pursuant to the "Drug Equivalency Tables" found in U.S.S.G. § 2D1.1, appl. n.8(D), yielded a total of 114.5 kilograms of marijuana, which in turn produced an offense level of 24 pursuant to U.S.S.G. § 2D1.1(8).[2]  If the District Court had been limited to 499 grams of cocaine, *i.e.*, less than 500 grams, the marijuana equivalency would have been 99.8 kilograms of marijuana.[3]  When combined with the marijuana equivalency for cocaine base and heroin, the amount of drugs attributable to Lopez-Esmurria would have been 101.48 kilograms of marijuana, yielding the same offense level of 24 used by the District Court.  Thus, Lopez-Esmurria's rights under the Sixth Amendment were not violated by the District Court in determining drug quantities and in imposing a prison term of 96 months.

V.

Based on the foregoing we will affirm the District Court's September 27, 2016 judgment of sentence.

---

[2]  Specifically, the amount of cocaine found by the District Judge (564.12 grams) was the equivalent of 112.82 kilograms of marijuana under the Drug Equivalency Tables, and the .36 grams of heroin equaled .36 kilograms of marijuana, and the .37 grams of cocaine base equaled 1.32 kilograms of marijuana.

[3]  Under the "Drug Equivalency Tables, 1 gram of cocaine equals 200 grams of marijuana.  U.S.S.G. § 2D1.1, appl. n.8(D).