**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. JERMAINE HARDIMAN, AKA J-Killa, *Defendant-Appellant*. | No. 16-50422 D.C. No. 2:10-cr-00923-SJO-5 |

| | |
|---|---|
| JERMAINE HARDIMAN, AKA J-Killa, *Petitioner-Appellant*, v. UNITED STATES OF AMERICA, *Respondent-Appellee*. | No. 18-56633 D.C. Nos. 2:16-cv-06524-SJO 2:10-cr-00923-SJO-5 OPINION |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted November 20, 2020[*]
Pasadena, California

Filed December 15, 2020

Before:  Richard A. Paez and John B. Owens, Circuit
Judges, and Morrison C. England, Jr.,[**] Senior
District Judge.

Per Curiam Opinion

## SUMMARY[***]

**28 U.S.C. § 2255 / 18 U.S.C. § 3582(c)(2)**

In consolidated appeals, the panel affirmed the district court's denial of Jermaine Hardiman's motions under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2) in light of *United States v. Pimentel-Lopez*, 859 F.3d 1134 (9th Cir. 2016), which held that a district court is not entitled to make a drug quantity finding in excess of that found by the jury in a special verdict.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Morrison C. England, Jr., United States Senior District Judge for the Eastern District of California, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Hardiman argued that the district court erred by denying his § 2255 motion because, under *Pimentel-Lopez*, the court violated his Sixth Amendment rights when it found for sentencing purposes that he was responsible for distributing a higher amount of drugs than the jury specifically found. The panel held that *Pimentel-Lopez* announced a "new" rule of criminal procedure, and thus does not apply retroactively to cases on collateral review.  Because *Pimentel-Lopez* is inapplicable to Hardiman's § 2255 motion, the panel held that the district court did not err by denying it.

Hardiman also argued that the district court erred by denying his § 3582(c)(2) motion in light of *Pimentel-Lopez*. The district court determined that Amendment 782 to the Sentencing Guidelines retroactively reduced Hardiman's base offense level and that he was eligible to be resentenced pursuant to a new Guidelines range, but that the 18 U.S.C. § 3553(a) factors and the circumstances of his case did not warrant a sentencing reduction.  The panel explained that Hardiman's arguments about *Pimentel-Lopez* were not affected by Amendment 782 and therefore are outside the scope of the proceeding authorized by § 3582(c)(2).  The panel concluded that the district court therefore did not err at the § 3582(c)(2) proceeding by failing to revisit its drug quantity finding under *Pimentel-Lopez* and the Sixth Amendment.

## COUNSEL

James S. Thomson and Ethan H. Stone, Berkeley, California, for Defendant-Appellant.

Nicola T. Hanna, United States Attorney; Brandon D. Fox, Chief, Criminal Division; L. Ashley Aull, Criminal Appeals

Section; Bruce K. Riordan, Assistant United States Attorney, Violent & Organized Crime Section; United States Attorney's Office, Los Angeles, California; for Plaintiff-Appellee.

## OPINION

PER CURIAM:

In these consolidated appeals, Jermaine Hardiman argues that the district court erred by denying his motions under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2) in light of our decision in *United States v. Pimentel-Lopez*, 859 F.3d 1134 (9th Cir. 2016). We affirm the district court's denial of both motions.

At trial, a jury specially found Hardiman responsible for distributing "[a]t least 28 grams but less than 280 grams" of cocaine base. However, at sentencing, the district court "disagree[d] with the jury" and found that Hardiman should be held responsible for more than 280 grams of cocaine base. This higher drug amount increased Hardiman's base offense level and thus his U.S. Sentencing Guidelines range. After Hardiman's direct appeal became final, we held in *Pimentel-Lopez* that a district court is not "entitled to make a drug quantity finding in excess of that found by the jury in its special verdict." 859 F.3d at 1140. And after *Pimentel-Lopez*, the district court denied Hardiman's § 2255 and § 3582(c)(2) motions.

## I. Section 2255 Motion

Hardiman argues that the district court erred by denying his § 2255 motion because, under *Pimentel-Lopez*, the court violated his Sixth Amendment rights when it found for

sentencing purposes that he was responsible for distributing a higher amount of drugs than the jury specifically found.[1] However, we hold that *Pimentel-Lopez* does not apply retroactively to cases on collateral review under *Teague v. Lane*, 489 U.S. 288, 310 (1989) (plurality opinion).

*Teague* held that as a general matter, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." 489 U.S. at 310; *see also Schriro v. Summerlin*, 542 U.S. 348, 352 (2004) ("New rules of procedure . . . generally do not apply retroactively.").[2]

"[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." *Teague*, 489 U.S. at 301. "To put it differently, a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* "And a holding is not so dictated . . . unless it would have been 'apparent to all reasonable jurists.'" *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (citation omitted); *see also Gonzalez v. Pliler*, 341 F.3d 897, 904 (9th Cir. 2003) ("If the rule a habeas petitioner seeks to assert can be 'meaningfully distinguished

---

[1] We review de novo the district court's denial of Hardiman's § 2255 motion. *See United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010). We reject the Government's argument that plain error review applies because Hardiman purportedly failed to adequately raise this issue in his § 2255 motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'" (citation omitted)).

[2] New *substantive*, rather than *procedural*, rules usually apply retroactively. *Schriro*, 542 U.S. at 351–52. Hardiman does not contest that *Pimentel-Lopez* concerns a *procedural* rule, and that the exceptions to the *Teague* retroactivity bar are inapplicable here.

from that established by binding precedent at the time his . . . conviction became final,' the rule is a 'new' one, typically inapplicable on collateral review." (citation omitted)).

Hardiman argues that *Pimentel-Lopez* did not announce a "new" procedural rule because its holding was dictated by the existing precedent in *Mitchell v. Prunty*, 107 F.3d 1337, 1339 n.2 (9th Cir. 1997), *overruled on other grounds by Santamaria v. Horsley*, 133 F.3d 1242, 1248 (9th Cir. 1998) (en banc). *Pimentel-Lopez* relied on a footnote in *Mitchell*, which noted that "[s]pecial findings . . . are dispositive of the questions put to the jury" and ignoring them "would be a clear violation of petitioner's Sixth Amendment rights." *Pimentel-Lopez*, 859 F.3d at 1140 (quoting *Mitchell*, 107 F.3d at 1339 n.2). Although *Pimentel-Lopez* relied on this footnote in *Mitchell*, its result was not dictated by *Mitchell* for purposes of *Teague*. In particular, *Mitchell* concerned facts found by the jury that related to the defendant's guilt or innocence, rather than a drug quantity finding relevant only for sentencing. *See id.* at 1140–41 (describing how the issue differed in *Mitchell* (citing *Mitchell*, 107 F.3d at 1342)).

Moreover, the fact that five judges joined Judge Graber's dissent from the denial of rehearing *Pimentel-Lopez* en banc (which made no mention of *Mitchell*) supports that it was not "apparent to all reasonable jurists" that *Mitchell* dictated the result in *Pimentel-Lopez*. *Chaidez*, 568 U.S. at 347 (citation omitted); *see also Pimentel-Lopez*, 859 F.3d at 1136 (Graber, J., dissenting from the denial of rehearing en banc) (stating that *Pimentel-Lopez*'s "holding is wrong both as a matter of logic and as a matter of Supreme Court law"). As Judge Graber noted at the time, *Pimentel-Lopez* created a split with at least five other circuits. *See Pimentel-Lopez*, 859 F.3d at 1138 n.1 (Graber, J., dissenting from the denial

of rehearing en banc) (citing *United States v. Webb*, 545 F.3d 673, 677 (8th Cir. 2008); *United States v. Florez*, 447 F.3d 145, 156 (2d Cir. 2006); *United States v. Magallanez*, 408 F.3d 672, 683–85 (10th Cir. 2005); *United States v. Goodine*, 326 F.3d 26, 32–34 (1st Cir. 2003); *United States v. Smith*, 308 F.3d 726, 743–45 (7th Cir. 2002)).[3]

Thus, *Pimentel-Lopez* announced a "new" rule of criminal procedure which is not retroactive under *Teague*. Accordingly, *Pimentel-Lopez* is inapplicable to Hardiman's § 2255 motion, and the district court did not err by denying the motion.

## II. Section 3582(c)(2) Motion

Hardiman also argues that the district court erred by denying his § 3582(c)(2) motion in light of *Pimentel-Lopez*.[4] Hardiman filed a § 3582(c)(2) motion to reduce his sentence based on Amendment 782 to the Guidelines. *See United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017) (discussing Amendment 782). The district court

---

[3] More recently, the Fifth and Third Circuits have disagreed with *Pimentel-Lopez*. *See United States v. Leontaritis*, 977 F.3d 447, 451 (5th Cir. 2020); *United States v. Lopez-Esmurria*, 714 F. App'x 125, 127 (3d Cir. 2017) (unpublished).

[4] Generally, "we review § 3582(c)(2) sentence reduction decisions for abuse of discretion." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). The Government argues that plain error review applies here because Hardiman did not challenge the drug quantity finding in his § 3582(c)(2) motion. *See United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1187 (9th Cir. 2013). Hardiman counters that de novo review applies because the question is "purely one of law." *United States v. Lillard*, 935 F.3d 827, 833 (9th Cir. 2019) (citation omitted). We need not resolve the parties' dispute regarding the standard of review because the district court did not err under any standard.

determined that Amendment 782 retroactively reduced Hardiman's base offense level and that he was eligible to be resentenced pursuant to a new Guidelines range, but that the 18 U.S.C. § 3553(a) factors and the circumstances of his case did not warrant a sentencing reduction.

As the Supreme Court explained in *Dillon v. United States*, a § 3582(c)(2) proceeding is "not a plenary resentencing" but rather "only a limited adjustment to an otherwise final sentence" as "a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." 560 U.S. 817, 826, 828 (2010). "In other words, *Dillon* concluded that congressional authorization to reduce a term of imprisonment does not necessarily carry with it authorization to correct any errors in the original sentencing proceeding." *United States v. Kelley*, 962 F.3d 470, 475, 478 (9th Cir. 2020) (holding that resentencing under the similar First Step Act asks the district court to "consider a counterfactual situation where only a single variable is altered" and "does not authorize the district court to consider other legal changes that may have occurred after the defendant committed the offense"). Hardiman's arguments about *Pimentel-Lopez* "were not affected by" Amendment 782 and therefore are "outside the scope of the proceeding authorized by § 3582(c)(2)." *Dillon*, 560 U.S. at 831.

Moreover, even under *Pimentel-Lopez*, a district court has the discretion in its assessment of the § 3553(a) factors to consider a drug quantity higher than the amount specifically found by the jury. *See* 859 F.3d at 1142 (stating that "a jury's finding that the quantity of drugs falls in the 0 to 50 range" does not "always preclude a district judge from punishing the defendant for quantities in excess of 50 grams" because "[t]he judge may, of course, depart

upward from the sentencing range generated by the jury's findings").

Thus, the district court did not err at the § 3582(c)(2) proceeding by failing to revisit its drug quantity finding under *Pimentel-Lopez* and the Sixth Amendment.[5] Hardiman does not otherwise argue that the district court abused its discretion by denying his § 3582(c)(2) motion based on its assessment of the § 3553(a) factors or the circumstances of his case.

**AFFIRMED**.[6]

---

[5] In *Mercado-Moreno*, we held that that "when deciding a § 3582(c)(2) motion, a district court may supplement the original sentencing court's quantity findings only when supplemental findings are necessary to determine the defendant's eligibility for a sentence reduction in light of a retroactive Guidelines amendment." 869 F.3d at 948. Here, such a supplemental finding was unnecessary to determine Hardiman's eligibility for a sentence reduction.

[6] Hardiman's pending request "to expedite the time between oral argument and disposition" (Dkt. No. 47) is **DENIED** as moot.