# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2821
_____

United States of America

*Plaintiff - Appellee*

v.

Devontae Horton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: June 14, 2021
Filed: July 20, 2021
[Unpublished]

_____

Before LOKEN, WOLLMAN, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Devontae Horton was convicted after a jury trial of conspiracy to distribute between 100 grams and 1 kilogram of heroin, and distribution of a controlled

substance. The district court[1] imposed a 120-month term of imprisonment to be followed by five years of supervised release. Horton appeals claiming the evidence was insufficient to support the drug quantity calculation and his sentence is substantively unreasonable. We affirm.

Drug quantity calculations are reviewed for clear error, under a preponderance of the evidence standard. United States v. Walker, 688 F.3d 416, 420 (8th Cir. 2012). "When calculating drug quantity, 'the sentencing court may consider all transactions known or reasonably foreseeable to the defendant that were made in furtherance of the conspiracy.'" United States v. Sainz Navarrete, 955 F.3d 713, 720 (8th Cir. 2020) (quoting United States v. Plancarte-Vazquez, 450 F.3d 848, 852 (8th Cir.2006)). When "the quantity of drugs was established through witnesses' testimony, the issue becomes one of credibility." United States v. Quintana, 340 F.3d 700, 702 (8th Cir. 2003). "It is . . . well established that in sentencing matters a district court's assessment of witness credibility is quintessentially a judgment call and virtually unassailable on appeal." Id. (quotation omitted); see also United States v. Janis, 995 F.3d 647, 651-52 (8th Cir. 2021).

The district court's assessment of the evidence was based on its "clear" memory of the proceedings. At sentencing, the district court gave a detailed account of its credibility findings and how those findings impacted Horton's dates of participation in the conspiracy and drug quantity. Horton's argument that the district court based the drug quantity calculation on acquitted conduct is unavailing. "[A] district court may impose a sentence based on a drug quantity determination greater than that found by the jury so long as the sentence does not exceed the statutory maximum of the convicted offense and the district court's calculation is supported by

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

sufficient evidence." United States v. Webb, 545 F.3d 673, 677 (8th Cir. 2008). Because the record contains sufficient evidence to support the drug quantity calculation, we find no error.

Horton also argues his sentence is substantively unreasonable. After careful review, we find the district court gave appropriate weight to the factors set forth in 18 U.S.C. § 3553(a), adequately explained the sentence, and made no clear error of judgment. United States v. King, 898 F.3d 797, 810 (8th Cir. 2018) (standard of review; sentence was substantively reasonable after upholding drug quantity calculation). Horton's sentence is not substantively unreasonable.

We affirm.

_____